Chandler S. Knight, J.
On December 4, 1961, the day this case was reached for trial the defendant made oral motions to inspect the Grand Jury minutes and for a dismissal of the indictment, to suppress evidence seized under a search warrant and to dismiss the indictment on the ground that section 975 of the Penal Law is unconstitutional.
The District Attorney stipulated that the court could hear these motions without the necessity of the usual formal written motions.
MOTION TO INSPECT
The defendant previously, on October 31,1961, made a formal motion to inspect the minutes of the Grand Jury, and on November 3, 1961, the court rendered its decision stating that ‘ ‘ the court, having examined said minutes, has found the indictment is based upon sufficient legal evidence ” and denied the motion. The court, now, on this oral motion again denies the defendant’s *527 motion to inspect the Grand Jury minutes and to dismiss the indictment upon the grounds previously stated.
MOTION TO SUPPRESS
The defendant’s oral pretrial motion to suppress evidence is based on the contention that the search warrant was defective and null and void.
The search warrant was issued by Supreme Court Justice Charles M. Hughes. The defendant subsequently made a motion before Justice Hughes to have the warrant declared null and void and Justice Hughes rendered his decision on November 25, 1961, holding that the question of its validity should be raised upon the trial.
This court will comply with that decision and will not entertain a motion seeking to reverse it. It would be as presumptuous to hear such a motion as it would be to make it. The motion is, therefore, denied.
However, I presume that the purpose of this motion is to obtain a pretrial decision on the ruling to be made by this court if, on the trial, a motion were made to preclude evidence seized by virtue of said search warrant. It is based upon that premise that I express the following.
After an examination of the search warrant and the affidavit upon which it was granted it is my opinion that the search warrant was issued on probable cause supported by a sworn affidavit describing the person, and particularly the property, and the place to be searched and the property to be seized. The property to be seized was contraband. The return indicates that the property actually seized was contraband connected with the crime for which the defendant was arrested. The search warrant was legal.
Upon the information now before me I would not preclude the evidence seized were it offered upon the trial. It is to be understood, however, that if other pertinent evidence is introduced on the trial, a different ruling may be made at that time.
Upon the argument of this matter defendant’s attorney stated that the property seized was not contraband and that none of the elements necessary to justify the issuing of the search warrant was contained in the supporting affidavit. In other words, that the affidavit was insufficient to warrant the issuing of the search warrant. I differ with that contention. The probable cause is based upon an investigation made by the affiant since April 15, 1961, by eavesdropping, recording of telephone calls to and from the defendant’s premises during which he overheard conversations that persons in the residence of the *528 defendant were keeping a place for transferring money in a game of policy. The person operating the place was described as “ John Doe ”, being fictitious, his true name being unknown; the property and place to be searched was described as the residence of the defendant, George Politano, located at 140 and 142 East Main Street, Amsterdam, New York. The property sought to be seized was equipment and paraphernalia used in playing the game of policy. The property subsequently seized by virtue of the search warrant, among other things, was policy slips. Policy slips are contraband. The finding of policy slips in possession of a person by an officer constitutes the commission of a crime in his presence.
It is true that a search warrant may not be issued for papers, books, records and documents which are “ mere evidence”. The search warrant here was not issued for “ mere evidence ”. It was issued to seize contraband. The Fourth Amendment of the Constitution sanctions reasonable searches for contraband (Harris v. United States, 331 U. S. 145). Contraband is weapons, narcotics, counterfeit and includes policy slips and book-making plays and records. The very possession of contraband described as policy slips is a crime under the statute.
A search warrant, to be constitutional, must be issued for “ probable cause” or “ reasonable ground to believe” and “ reasonable cause for believing ” all meaning the same thing.
Upon the affidavit of the officer, Supreme Court Justice Hughes was justified in his determination that probable cause was in reasonable existence for the issuance of the search warrant. The United States Supreme Court in Brinegar v. United States (338 U. S. 160, 175) said “ ‘ The substance of all the definitions ’ of probable cause ‘ is a reasonable ground for belief of guilt.’ * * * And this ‘ means less than evidence which
would justify condemnation ’ or conviction ’ ’. Continuing, the court also stated (pp. 175-176) ‘‘ Probable cause exists where ‘ the facts and circumstances within their [the officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that ’ an offense has been or is being-committed. ’ ’
The case of Mapp v. Ohio (367 U. S. 643, 655) cited by the defendant ruled ‘ ‘ that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court”. In other words the State courts are commanded to exclude in criminal trials all unconstitutional evidence obtained as a result of unreasonable search.
*529 This decision overrules the common-law or “ admissibility rule ” previously followed by New York State, in permitting the admission in a criminal trial of evidence obtained by the police as a result of “ unreasonable ” search and seizure.
The search and seizure in the instant case was not unreasonable and not in violation of the £ 1 exclusionary rule ’ ’ mandated by the Mapp decision. Consequently, Mapp is of no help to the defendant on this motion.
The defendant’s attorney, in support of his motion, also cited a decision of the Court of Appeals of this State in People v. Loria (10 N Y 2d 368) handed down within the week. This case, rather than being helpful to the defendant, sustains the argument of the District Attorney. Judge Froessel, speaking for the court said (p. 373): ££ The Fourth Amendment, as noted, condemns only those searches and seizures which are unreasonable (Harris v. United States, 331 U. S. 145, 150). A search is reasonable if conducted pursuant to a legal search warrant, by consent, or incident to a lawful arrest.” (Italics supplied.)
UNCONSTITUTIONALITY OF SECTION 975
The defendant’s attorney has moved to dismiss the indictment accusing the defendant of violating section 975 of the Penal Law as unconstitutional.
In what particular the section is unconstitutional he does not state. Section 975 states that££ Any person other than a public officer, who shall knowingly, have possession of any writing, paper or document representing or being a record of any chance, share or interest in numbers, sold, given away, drawn or selected, or to be drawn or selected, or in what is commonly called 1 policy ’ or 1 the numbers game,’ or in the nature of a bet, wager or insurance upon the drawing or selection of, the drawn or selected, numbers of any public or private lottery, or any paper, print, writing, policy slip, or article of any kind, such as is commonly used in carrying on, promoting or playing the game commonly called £ policy ’ shall be guilty of a misdemeanor, except that a person possessing only records of not more than ten of his own bets, wagers, or plays shall not be so guilty. Proof of the possession of any writing, paper, document, print, slip or article of the kind mentioned herein is presumptive evidence of possession thereof knowingly.”
Possibly the defendant’s attack is to that part of the section dealing with £ £ presumption ’ ’ as possession being 1 ‘ presumptive evidence of possession knowingly ”.
Other sections of the Penal Law such as sections 1308, 1897, 1898 and 1898-a contain similar phraseology making possession *530 presumptive evidence of possession knowingly which sections have been held to be constitutional (People v. Russo, 278 App. Div. 98, affd. 303 N. Y. 673).
Section 975, formerly section 344-b of the Penal Code, has been on the statute books at least since 1881. It has been amended from time to time. Its constitutionality has been upheld in State and Federal courts (Adams v. New York, 192 U. S. 585) and the Supreme Court, holding constitutional the provisions of section 344-b of the Few York Penal Code (now Penal Law, § 975), said (pp. 598-599): “ It is further urged that the law of the State of Few York, Penal Code, § 3446, which makes possession by persons other than a public officer of papers or documents, being the record of chances or slips in Avhat is commonly knovm as policy, or policy slips, or the possession of any paper, print, or writing commonly used in playing or promoting the game of policy, presumption of possession thereof knowingly in violation of section 344a, is a violation of the Fourteenth Amendment of the Constitution of the United States in that it deprives a citizen of his liberty and property without due process of law. We fail to perceive any force in this argument. The policy slips are property of an unusual character and not likely, particularly in large quantities, to be found in the possession of innocent parties. Like other gambling paraphernalia, their possession indicates their use or intended use, and may well raise some inference against their possessor in the absence of explanation. Such is the effect of this statute. Innocent persons would have no trouble in explaining the possession of these tickets, and in any event the possession is only prima facie evidence, and the party is permitted to produce such testimony as will show the truth concerning the possession of the slips. Furthermore, it is within the established power of the State to prescribe the evidence which is to be received in the courts of its own government. Fong Yue Ting v. United States, 149 U. S. 698, 729.”
The defendant’s motion to dismiss the indictment on the ground that section 975 is unconstitutional is denied.