Frank R. Bayger, J.
This is an appeal by the People from a judgment of Buffalo City Court which dismissed informations charging each of the defendants with possession of gambling records on the grounds that section 225.15 (subd. 1) of the Revised Penal Law is unconstitutional. The informations alleged each defendant’s possession of written records of horse bets, tally sheets, racing programs, racing forms and ball-point pens all of which are said to be articles commonly used in the operation of a bookmaking scheme or enterprise.
Section 225.15 is entitled “ Possession of gambling records in the second degree” and provides in pertinent part that a person is guilty of a class A misdemeanor when “ with knowledge of the contents thereof, he possesses any writing, paper, instrument or article: 1. Of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise; or 2
The City Court agreed with the defendants’ con Mentions that the statute fails to .set forth a reasonably ascertainable standard of conduct in that it fails to precisely define the activity or contraband sought to be prohibited improperly prohibits a person’s possession of lawful articles without requiring a showing of an intent to use them unlawfully; and, when read in conjunction with section 225.25, violates the provisions of the *639 Fifth and Fourteenth Amendments to the United States Constitution. We respectfully disagree with that view.
Article 225 of our Revised Penal Law is intended and designed to sanction and facilitate the prosecution of the professional bookmaker and other professional operators and promoters of unlawful gambling activity. The individual player or bettor is excluded from its prohibitions. (Cf. Commission Staff Notes, Gilbert Criminal Code & Penal Law [1968 ed.], pp. 1 C-93, 1 D-33.) Thus, “ Rookmaking ” is defined by section 225.00 (subd. 9) as the unlawful acceptance of bets from members of the public as a business rather in a casual or personal fashion. It is this unlawful business enterprise and its professional operators who are the object of article 225’s bookmaking provisions. That such activity and persons are proper subjects for the exercise of the State’s police powers is not disputed. The question is whether section 225.15 (subd. 1) is a constitutional exercise of that power.
Duly enacted legislation is endowed by our law with a strong presumption of constitutionality. (People v. Pagnotta, 25 N Y 2d 333.) Mere doubt or uncertainty as to its constitutionality in all conceivable applications does not justify a judicial declaration of invalidity. Only when such a result is clearly unavoidable may a court properly hold a statute to be unconstitutional. (Matter of Van Berkel v. Power, 16 N Y 2d 37; People v. Byron, 17 N Y 2d 64.)
Contrary to the defendants’ contentions, section 225.15 (subd. 1) need not be read as an all-inclusive prohibition of even innocent possession of newspapers, racing forms, pads, pencils and similarly innocuous articles commonly used in bookmaking operations. It is true, of course, that legislation may not define as criminal activity which is otherwise lawful merely because it is sometimes performed illegally or attended by improper motives or performed in furtherance of an illegal scheme. (People v. Bunis, 9 N Y 2d 1.) Our Legislature may not be presumed to have acted contrary to that well established and undisputed rule.
The section in question represents a restatement of the bookmaking records offense previously defined by section 986-b of the former Penal Law. Both sections are entitled with reference to possession of gambling records. While the former section was phrased in terms of a written record of a player’s bet “made by a person engaged in bookmaking ”, the present section refers to writings, instruments or articles “ Of a kind commonly used in the operation or promotion of a bookmaking scheme or enterprise ”, The former statute was in fact quite *640 useless to the People because of its requirement that the prosecution prove that the records were ‘ ‘ made by a person engaged in book-making Proof of that fact would normally make a defendant guilty of the basic crime of bookmaking however and there was, therefore, no need for the records offense. (Cf. Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 225.15; and Commission Staff Notes, Gilbert Criminal Code & Penal Law [1968 ed.], p. 1 D-33.) In an effort to define a more useful bookmaking records offense the revisors adopted the language and approach previously employed in the policy records statute. (1909 Penal Law, § 975.) There is no reason to believe however that in doing so they had any intention of extending section 225.15 (subd. 1) .to matters beyond those sought to be prohibited by section 986-b. The change was designed solely to facilitate prosecution of a crime which was previously defined, that is, possession of the writings, etc., constituting a record of the bookmaker’s business wagers. The new section should not be read as an attempt to create a new or different crime. The object of section 225.15 (subd. 1), the basic illegality sought to be prohibited, remains essentially the same as that of its predecessor — the possession of bookmaking records, the records of his business wagers, his tally sheets, and similar matters essential and unique to the professional bookmaker’s business. (Cf. Commission Staff Notes, Gilbert Criminal Code & Penal Law [1968 ed.] p. 1 D-33.) While racing forms, adding machines, pens, telephones and similar items may be of evidentiary value in a given case, they are, by themselves without the prohibition of section 225.15. (Cf. People v. Lalli, 5 N Y 2d 536.) When thus restricted in application to possession of such essential and uniquely criminal business records the section represents an undeniably constitutional exercise of the police power of the State.
And when so restricted, the statute can also withstand the defendant’s further contention that in the absence of a requirement that the contraband’s possession be coupled with a criminal purpose the statute should not be upheld. Foreseeing this possibility of innocent possession of records of “ a kind commonly used in [bookmaking enterprises] ”, the revisors provided a statutory defense with respect to records of this type which were in fact neither used nor intended for use in a bookmaking scheme. (See Penal Law, § 225.25.) And this provision does not place the burden of proving that fact upon the defendant for it is further provided by section 25.00 of the Penal Law that such a defense need merely be raised by a defendant and the burden of proving the contrary beyond a reasonable doubt *641 remains with the People. In other words proof of possession of this type of record and the resultant presumption of knowledge as to its character and nature (§ 225.30) merely constitutes prima facie proof of a violation of section 225.15 (subd. 1) but that state of the proof may be overcome by merely raising the issue as to its use or intended use and the People must then prove beyond a reasonable doubt its unlawful use or intended use.
Section 975 of the former Penal Law dealing with possession of writings of a kind commonly used in playing or promoting “ policy ” and from which the present approach to bookmaking records has been adopted, has been consistently upheld by our courts. (People v. Adams, 176 N. Y. 351, affd. 192 U. S. 585; People ex rel. Wilson v. Flynn, 72 App. Div. 67; People v. Politano, 32 Misc 2d 526, 17 A D 2d 503, affd. 13 N Y 2d 852.)
Reading section 225.15 (subd. 1) and its associated statutes in the light of their history and legislative intent and the decisions of our courts relating to section 975 leads me to conclude that the section in question is in all respects constitutional. The judgment appealed from herein must, therefore, be reversed, the informations reinstated and the matter remanded to Buffalo City Court for further proceedings in accordance with this decision.