■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE LUNSFORD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LUNSFORD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RYAN, Appellant.— George Lunsford, William Lunsford, and John Ryan appeal from judgments, Supreme Court, New York County, rendered February 20, 1974, convicting them, after trial, of promoting gambling in the first degree (Penal Law, § 225.10), and two counts of possession of gambling records in the first degree (Penal Law, § 225.20). George Lunsford was sentenced to two concurrent periods of up to four years' imprisonment on each conviction. William Lunsford was sentenced to two concurrent one-year periods of imprisonment, to be followed by a consecutive six-month term of imprisonment. John Ryan was sentenced to two concurrent periods of one-year's imprisonment and another concurrent period of six-months' imprisonment. The execution of these sentences was stayed by the court, pending the determination of this appeal, and the defendants are at liberty pending determination of this appeal. The judgments are reversed, on the law and the facts, and the indictments dismissed. The proof adduced at the trial was not sufficient to demonstrate beyond a reasonable doubt that the defendants "possessed" or "received" the gambling records. The defendants were neither the subjects nor the objects of the search warrant; hence, the circumstantial evidence of mere presence in the apartment was inadequate to sustain the People's claim of constructive possession. The People made no attempt to prove who the lessee of the apartment was, and the fact that the defendants were merely present in the apartment at the time the warrant was executed was clearly inadequate to show that the defendants "exercised such control over the premises that [they] could be deemed in constructive possession of the contraband found". (*People* v. *Jefferson,* 43 A D 2d 112, 113; see, also, *People* v. *Siplin,* 29 N Y 2d 841.) The circumstantial proof concerning "receipt" of the gambling records, necessary to sustain a conviction promoting gambling in the first degree, is derived solely from the circumstantial evidence of possession. And it is well settled "that an inference cannot be based on an inference; that is, to prove a fact by circumstantial evidence the circumstance from which the inference is to be drawn must be established by direct evidence." (*Richardson, Evidence,* [9th ed.], § 152.) The inference that defendants received the gambling records was supported only by the circumstantial evidence tending to show possession. And, as indicated above, the evidence was insufficient to prove possession beyond a reasonable doubt. Concur — McGivern, P. J., Kupferman, Lupiano and Lane, JJ.