■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHANIE HODSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 26, 1974, convicting her of possession of gambling records in the first degree and promoting gambling in the second degree, after a nonjury trial, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Martuscello, Christ, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum, in which Shapiro, J., concurs: Defendant, a young woman, was indicted for the crimes of possession of gambling records in the first degree and of promoting gambling in the first degree. She was convicted, after a nonjury trial, of the crimes of possession of gambling records in the first degree and of promoting gambling in the second degree. The codefendant, one Thomas Orlando, indicted for the same crimes, was acquitted of both. The indictment arose out of transactions claimed to have taken place on a single day, October 2, 1973. The prosecution established that the police made telephone calls in the afternoon to the telephone number of defendant, located within her apartment; that a male voice, identified as Orlando's, answered and accepted several bets on horses; that in the evening, the police, acting under a search warrant, entered the apartment and found defendant and Orlando; and that a search disclosed betting slips and records in the bedroom, together with betting slips in Orlando's wallet. On cross-examination it was elicited that Orlando told the police that defendant "wasn't involved in it, she just happened to be there." Defendant testified that she worked for an insurance company at the airport; that she was single and had lived in the apartment for three and a half years; that she had known Orlando for six years; that on October 2 she had left the apartment at 10:30 A.M. and had returned at 6:30 P.M.; that Orlando had entered the apartment 10 minutes later; and that she was talking to Orlando when the police arrived. Criminal Term found defendant guilty and acquitted Orlando, with a written memorandum. The trial court held that there was no convincing proof that Orlando had accepted the bets or that he had access to the defendant's apartment. The trial court found defendant guilty, based on the statutory provision that the possession of gambling records is presumptive evidence of knowledge of their contents (Penal Law, § 225.35), and the fact that she was in exclusive dominion of the apartment and thus had constructive knowledge of the contents of the records in her bedroom (Penal Law, § 225.20). The presumption of knowledge is, of course, not absolute; it may be rebutted and the prosecution, once a rebuttal is made, must prove beyond a reasonable doubt the knowing possession of gambling records by the accused (cf. *People v DiCarlo*, 62 Misc 2d 638, 641; *People v Mitchell*, 237 NYS2d 775). The record on appeal must establish knowing possession beyond a reasonable doubt; an appellate court will reverse a conviction when the proof does not rise to that level (cf. *People v Lunsford*, 46 AD2d 612; *People v Aparo*, 285 App Div 1171). Here, the fact that on a single day one or two bets were placed over a telephone with a man identified as the codefendant, who was acquitted for lack of proof, does not constitute to my mind the character of convincing evidence justifying a conviction. I cannot reconcile the acquittal of the one with the conviction of the other, and, in these circumstances, defendant should be granted the benefit of the reasonable doubt. Hence, I dissent and vote to reverse the judgment and to dismiss the indictment.