OPINION OF THE COURT
Robert M. Raciti, J.
Defendant is charged with possession of gambling records in *411 the second degree (Penal Law § 225.15). The People’s information alleges that on December 8, 1999, the police officer deponent was at 106-60 Guy Brewer Boulevard in Queens County, when he saw defendant walking out from a rear room at that location. The information then recites that no one else was present in the room and that the officer deponent saw “mutual horse race policy slips in plain view on a desktop, as well as tally sheets and a calculator.” Based upon these observations, the information charges defendant with criminal possession of the gambling slips. Defendant argues that the information is, on its face, legally insufficient. In short, she contends that all that is alleged is that she was physically present in the room that contained the betting slips and that no criminal culpability attaches for one’s “mere presence” in such circumstances.
It is often said that mere presence in a place where contraband is located is insufficient to establish criminality. (People v Slacks, 90 NY2d 850 [1997]; People v Manini, 79 NY2d 561, 573 [1992].) Thus a defendant’s mere presence in a stolen car (People v Mitchell, 223 AD2d 655 [2d Dept 1996]), or his mere presence in a room where drugs are secreted (People v Scott, 206 AD2d 392 [2d Dept 1994]), or his mere presence in an apartment where gambling records are found (People v Lunsford, 46 AD2d 612 [1st Dept 1974]), does not establish his dominion and control over the contraband. This general rule of law is paralleled by Penal Law § 20.00, which requires that each person charged with a crime must share the criminal intent to commit that crime. (People v Kaplan, 76 NY2d 140 [1990].) Thus, a person who does nothing but observe, or who is simply present when a crime takes place, is ordinarily not criminally culpable.
In the present case, in order to establish the requisite reasonable cause to believe defendant had dominion and control over the betting slips on the desktop, the information would have to establish sufficient facts indicating not just defendant’s presence near those slips, but her “dominion and control” over them. Dominion and control can be circumstantially established by the accretion of small connections to the contraband, but some connections must be shown. Defendant claims that the information at issue here is devoid of any such connecting facts and circumstances, and the court agrees.
The information at hand contains only two facts that bear any logical relationship to defendant’s putative dominion and *412 control over the betting slips. In that regard, the information alleges that: (1) defendant was alone in the room where the policy slips were located, and (2) those slips were in plain view on a desktop in the room along with “tally sheets and a calculator.” Significantly, however, these two facts are presented in a virtual vacuum. In fact, the information does not provide any facts describing the nature of the premises, such as whether it was commercial or residential, or, if commercial, what kind of business was conducted there. Nor does the information describe the room or posit any relationship between defendant and the premises. Even assuming it was not a residence, it is not alleged that defendant was the owner or manager of the premises, or that she even worked there. Indeed, without engaging in speculation, the court cannot ascertain from the information whether defendant was an owner, manager, menial employee, cleaning lady, patron or visitor. This gap is widened by the fact that since defendant was only seen leaving the rear room, the court has no way to determine how long she had been inside or what part of the room she passed through. These lacunae prevent the conclusion of defendant’s dominion and control over the betting slips and are fatal to the information itself. Consequently, the information is facially insufficient and must be dismissed.