■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ESTHER DORTA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated February 27, 1976, which granted defendant's motion, made pursuant to CPL 330.30, to set aside a jury verdict adjudging her guilty of felony murder, and ordered a new trial. Order reversed, on the law and the facts, jury verdict reinstated, and case remanded to Criminal Term for sentence. We note at the outset that we have considered, *sua sponte*, the issue of the People's right to appeal and have concluded that such right exists. This appeal has been taken pursuant to CPL 450.20 (subd 3), which grants the People the right to appeal from an order setting aside a verdict, entered pursuant to CPL 330.30 or CPL 370.10. That provision is not violative of the double jeopardy protections of the Federal and New York State Constitutions. When the People prevail on an appeal taken pursuant to CPL 450.20 (subd 3), the original verdict is reinstated. The defendant is not subjected to a second trial for the same offense. The policy against multiple prosecutions is therefore not violated (cf. *United States v Wilson,* 420 US 332; *People v Brown,* 40 NY2d 381). The jury verdict in this case was justified if the jury believed the prosecution witnesses. The testimony of those witnesses was not incredible as a matter of law; defense counsel was afforded full opportunity to cross-examine them and to then point out the inconsistencies and the vagaries in their testimony. Upon the facts of this case, it was an improper invasion into the province of the jury to resolve issues of credibility upon the defendant's motion to set aside the verdict. Hopkins, Acting P. J., Latham, Rabin and Hawkins, JJ., concur; Martuscello, J., dissents and votes to modify the order by deleting therefrom the provision ordering a new trial and substituting therefor a provision dismissing the indictment, with the following memorandum: The testimony which purports to support this verdict is so confused, so inconsistent and so apparently contrived to facilitate Esther Dorta's conviction that it cannot be said that guilt has been established beyond a reasonable doubt. Further, by upholding the jury's verdict, this court has let stand a determination based solely upon the uncorroborated testimony of one admitted accomplice and one witness whose testimony gives rise to considerable suspicion as to its veracity on pivotal issues. During the afternoon hours of June 2, 1973, People's witnesses Patricia Purvis and Deborah Andersen went to the home of 71-year-old John Kovachich with the hope of obtaining money for dungarees. Shortly after 1:30 P.M., Juan Dorta and his pregnant wife, Esther, joined them there. After Kovachich returned with beer for his friends, he was greated with Juan Dorta's demand for money. When Kovachich refused, Juan Dorta stabbed him with Purvis' knife. To substantiate the case against Mrs. Dorta, Andersen testified that, while Kovachich went to get the beer, the group began to discuss how much money decedent Kovachich was believed to have. Esther Dorta, Andersen testified, had complained that she needed money for her baby. As the group continued this discussion, Ander-

sen's friend Purvis, who was described by Andersen as "crazy", passed a knife to Esther Dorta and Esther passed it on to Juan. On cross-examination Andersen conceded that she had not mentioned Esther Dorta's complaint for money in any prior statement to the police, or in her testimony before the Grand Jury. Similarly, on cross-examination Andersen became unsure whether the knife had been passed to Esther Dorta by Purvis, and admitted that she had been told that if the knife had been handed to Esther Dorta, then Esther would be in the case. Testimony given earlier before the Grand Jury indicated that Andersen did not see the knife pass from Purvis to Esther Dorta to Juan Dorta. Andersen admitted that, after interrogation on one occasion, she had heard the police tell her uncle that she would not be of much help. To compound the gaps in this already confused testimony, Andersen denied in her original statement to the police that she had even been at the Kovachich home on the day in question. Patricia Purvis, an admitted drug abuser, testified that, as Kovachich went for the beer, the group began to discuss the amount of money Kovachich was believed to have. At the trial Purvis claimed that Juan and Esther Dorta complained that they needed money for the baby they were expecting, but her prior statements to the police include no reference to such complaint. In any case, Purvis, who needed money to support herself, put a steak knife on the table and Juan Dorta picked it up. On cross-examination Purvis conceded that she had promised the police that her testimony would not make Andersen an accomplice. Both Purvis and Andersen agree that Dorta strangled Kovachich after he stabbed him in the back. Further, both are agreed that Andersen received some of the money taken. The trial court instructed the jury that Purvis, who had pleaded guilty to manslaughter, was an accomplice as a matter of law, but left the determination of Andersen's status to the jury as a question of fact. After deliberation, the jury returned with a verdict convicting Esther Dorta of felony murder. In granting Esther Dorta's motion to set aside the verdict, the trial court stated: "It is concluded that the verdict of the jury was manifestly unjust and was based upon testimony which was vague, contradictory and insufficient to establish Esther Dorta's guilt". I wholeheartedly agree with that conclusion. On a motion to set aside the verdict, the defendant bears the burden of establishing a ground which would warrant reversal as a matter of law (*People v Zipfel,* 51 AD2d 979). Where, however, the evidence bears the taint, as here, of inherent unreliability, utter confusion and of being fashioned to facilitate the conviction of the defendant, the trial court is justified in its refusal to sanction the verdict. On review, such a determination is entitled to considerable deference, for it is the one of a Judge who is not only experienced in the law, but who actually saw the witnesses and heard them speak. If he "conscientiously concludes that the weight of the evidence does not support a finding of guilt beyond a reasonable doubt, *the court should set aside a verdict of guilty and grant a new trial"* (see *People v Ramos,* 33 AD2d 344, 347 [emphasis supplied]). On this record such a finding is eminently correct, for proof beyond a reasonable doubt cannot rest upon the very uncertain basis of the shattered testimony of these eyewitnesses (see *People v Reed,* 40 NY2d 204; *People v Ledwon,* 153 NY 10, 22; *People v Owens,* 148 NY 648). This conviction rests upon the implicit finding of the jury that Andersen, who went to Kovachich's apartment for the purpose of obtaining money, who remained there during the robbery, and who shared in the fruits of the crime, was not an accomplice. In view, however, of the weak testimony which supports the finding of Esther Dorta's guilt, and of the lack of independent evidence corroborating the testimony of Andersen or Purvis,

the indictment should have been dismissed on defendant's motion (see *People v Beaudet,* 32 NY2d 371; *People v Ohlstein,* 54 AD2d 109; *People v Wasserman,* 46 AD2d 915; *People v Chamberlain,* 38 AD2d 306).