■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERTO JOHNSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated November 19, 1979, which granted defendant's motion to set aside the jury's verdict finding him guilty of criminal possession of a weapon in the third degree, and to dismiss the indictment. Order reversed, on the law, jury verdict reinstated and case remanded to Criminal Term for the imposition of sentence. At the end of the People's case, defendant moved to dismiss for legal insufficiency and for failure of the People to prove his guilt beyond a reasonable doubt. Although the court reserved decision at the time on this motion, at the end of the entire case this motion to dismiss was denied. At the conclusion of the entire case, the defendant moved for a trial order of dismissal on the grounds that the People had not proved their case beyond a reasonable doubt and that the testimony of the police officers who testified for the People was incredible. The trial court reserved decision on this motion and, after the jury had returned a verdict of guilty as charged, the court granted the motion upon the ground that it was against the weight of the evidence and that the People had not met their burden of establishing the guilt of the defendant by proof beyond a reasonable doubt. The court stated that its ruling was based on serious discrepancies between Officer Green's testimony at the pretrial hearing and at the trial "particularly in regard to his entrance into the premises in question where he stated initially that the door was open

and he entered". The granting of the motion was error for the following reasons: The testimony of the arresting officer, David Green, that he saw the defendant drop a gun into a waste receptacle while facing him is not incredible as a matter of law. Any inconsistency between the testimony of Officer Green and his companion officer, Vincent Roberts, as to how they initially entered the store through whose window they observed one Carl Spivey, a friend of the defendant, rolling a marihuana cigarette, is immaterial, Criminal Term having found that there was probable cause to investigate further, to enter and to make an arrest. Officer Green stated that after entering the store he saw the defendant spin around and drop a revolver in a trash can. Samuel Reilly, a defense witness, testified that two guns were recovered from the trash can. He also asserted that defendant, whom he had under observation "during this entire time", at no time was seen by him throwing "anything in the waste receptable". Such a discrepancy in testimony is properly for the jury to resolve, which we may assume it did, taking into account the relevance of the witnesses' prior convictions, and all other elements which are utilized in their function as fact finders in evaluating credibility of testimony. Any discrepancies between the arresting officer's testimony at the trial and at the suppression hearing as to (1) the exact number of people in the store, whether "10" or "15 or 20", (2) the calibre of the gun, whether .32 or .38 calibre, and (3) the position of defendant's body with respect to the officer at the time the gun was dropped, whether his left side or his front was facing the latter, are all of insufficient import to warrant setting aside the jury's determination. Testimony that the defendant threw his gun away in plain view of the officer is not so implausible that, as a matter of law, it must be viewed as incredible. Defendant may well have expected to be frisked or searched after he saw the officers enter in response to the marihuana they saw, even if he himself could not have been charged with possession. In spinning around and dropping a gun into a nearby container, he took an unsuccessful calculated risk that he could do so swiftly enough to avoid observation by the officers, who were confronted with anywhere from 10 to 20 men and women inside the store. The lack of certainty or any of the seeming inconsistencies in the testimony of the police witnesses herein presented questions of credibility upon which the jury could properly pass, and not a situation where the proof in support of the verdict so clearly failed to come up to the statutory standard and was so incredible as a matter of law as to warrant vacatur of the verdict by the trial court. This court held, in *People v Dorta* (56 AD2d 607, app dsmd 44 NY2d 930), as follows: "The jury verdict in this case was justified if the jury believed the prosecution witnesses. The testimony of those witnesses was not incredible as a matter of law; defense counsel was afforded full opportunity to cross-examine them and to then point out the inconsistencies and the vagaries in their testimony. Upon the facts of this case, it was an improper invasion into the province of the jury to resolve issues of credibility upon the defendant's motion to set aside the verdict." For the same reasons the order herein should be reversed. Titone, J. P., Mangano, Gibbons and Martuscello, JJ., concur.