■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STEPHEN FORTU-NATO, Respondent. — Appeal by the People from so much of an order of the Supreme Court, Kings County (Lodato, J.), dated November 23, 1981, as granted the branch of defendant's motion pursuant to CPL 330.30 (subd 1) which sought to set aside a jury verdict convicting defendant of two counts of promoting gambling in the first degree, and one count of possession of gambling records in the first degree. Order reversed insofar as appealed from, on the law, the aforesaid branch of defendant's motion is denied, the jury verdict convicting defendant of two counts of promoting gambling in the first degree and one count of possession of gambling records in the first degree is reinstated, and the case is remitted to Criminal Term for sentencing. In setting aside a jury verdict pursuant to CPL 330.30 (subd 1), the trial court must "of course assume that the jury credited the People's witnesses and thus must view the facts most favorably to the prosecution" (*People v Montanez,* 41 NY2d 53, 57). At the trial four police officers testified with regard to an undercover investigation of a suspected storefront gambling operation being run at 932 Myrtle Avenue in Brooklyn, New York. These premises and an adjacent apartment building, at 934 Myrtle Avenue, were under surveillance from September through November of 1978. On December 5, 1978, police officers executing a search warrant simultaneously entered the storefront and an apartment at 934 Myrtle Avenue. Defendant and two other individuals were found seated at a table in the living room of the apartment. On a desk in an adjacent room, within plain view from where the officers were standing, they observed and recovered policy slips and controller's ribbons. Defendant was arrested and searched. The police recovered three slips of paper related to sports betting from defendant's shirt pocket. A fifth police officer, who qualified as an expert on gambling operations, testified that the policy slips recovered were indicative of those used in gambling operations and that the number of plays represented well over 500 plays and amounted to over $500 worth of bets per day. The jury found defendant guilty of two counts of promoting gambling in the first degree, one count of possession of gambling records in the first degree, and one count of possession of gambling records in the second degree. Defendant moved to dismiss the indictment for failure to make out a prima facie case or, in the alternative, to set aside the jury verdict pursuant to CPL 330.30 (subd 1). Criminal Term held that the evidence was insufficient, as a matter of law, as to the first three counts. We reverse. Criminal Term erred in setting aside the jury verdict as to the counts of promoting gambling in the first degree and possession of gambling records in the first degree. The evidence indicates that the verdict was based on more than defendant's "mere presence" at the time the apartment was searched (cf. *People v Lunsford,* 46 AD2d 612; *People v Diaz,* 54 AD2d 543). There was sufficient evidence, both direct and circumstantial, to connect defendant with the gambling operations at 932 Myrtle Avenue. The two and one-half month period of surveillance revealed a pattern of pedestrian traffic which entered the storefront to place wagers. Although defendant was never seen actually receiving a wager, he was seen passing from the storefront to the apartment building on several occasions, with slips of white papers in his hand. On some of these occasions he was seen with one of the cashiers who received wagers at the storefront betting parlor. After remaining in the apartment a short time,

defendant was observed leaving with a brown bag, entering a car and driving away. At times he was accompanied by one of the cashiers. On one specific occasion, defendant was seen at the close of the days' operation helping one of the cashiers pull down the metal gates to secure the storefront. Considering all of the facts in this case, including the presence of the policy slips generally associated with an illegal gambling operation, it was reasonable for the jury to infer that defendant was an active participant in the gambling operations (see *People v Paranzino,* 40 NY2d 1005). Therefore, it was error for the trial court to set aside the jury verdict (cf. *People v Dorta,* 56 AD2d 607, app dsmd 44 NY2d 930). Titone, J. P., Mangano, Weinstein and Boyers, JJ., concur.