■ The People of the State of New York, Appellant, v Chesterfield Wright, Respondent. — Motion to dismiss appeal denied (see *People v Holmes,* 72 AD2d 1; *People v Dorta,* 56 AD2d 607, app dsmd 44 NY2d 930); order unanimously reversed, on the law and facts, motion denied, verdict reinstated and matter remitted to Monroe County Court for sentencing. Memorandum: The People appeal as of right pursuant to CPL 450.20 (subd 3) from an order of the Monroe County Court which granted defendant's motion pursuant to CPL 330.30 (subd 1) to set aside the jury verdict convicting him of burglary in the third degree, in violation of section 140.20 of the Penal Law and modified it to criminal trespass in the second degree. Defendant was accused in a two-count indictment of the crimes of burglary in the third degree and attempted petit larceny. These charges arose from an incident which occurred on June 30, 1981 when defendant was apprehended by police officers as he exited a building at

19 Henry Street, Rochester, New York. "A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." (Penal Law, § 140.20.) On defendant's posttrial motion to set aside the verdict, the trial court found the evidence sufficient to establish that defendant knowingly entered or remained unlawfully in a dwelling, but inadequate to establish that defendant harbored an "intent to commit a crime" while unlawfully therein. Since intent is subjective, it must be established by proof of defendant's conduct and other circumstances (*People v Mackey,* 49 NY2d 274, 279). The circumstances of breaking and entering permit an inference to be drawn that defendant's entry into the house was effectuated with the intent to commit a crime therein (*People v Barnes,* 50 NY2d 375, 379-381; *People v Henderson,* 41 NY2d 233, 236-237; *People v Terry,* 43 AD2d 875). We find sufficient evidence in the record to establish that entry to the building was made through a cellar window that had been pushed inward triggering a silent burglar alarm. Defendant was apprehended by the police coming out of the kitchen door of the dwelling and was found to have in his possession a flashlight and pipecutters. Although not charged with possession of burglar tools, the tools found in his possession were those most likely to be used to cut copper piping which was found removed from its original location in the basement of premises. Additionally, there was evidence that the basement was covered with cobwebs and that defendant was observed with cobwebs on his head and shoulders shortly after being placed under arrest. The trial court erroneously set aside and modified the jury verdict (see *People v Holmes,* 72 AD2d 1, *supra; People v Dorta,* 56 AD2d 607, app dsmd 44 NY2d 930, *supra*). It must be assumed that the jury credited the People's witnesses and thus we view the facts most favorably to the prosecution (*People v Montanez,* 41 NY2d 53, 57; *People v Benzinger,* 36 NY2d 29; *People v Fortunato,* 89 AD2d 610). In our view there is sufficient proof from which the jury could infer beyond a reasonable doubt that defendant's entry into the building was effectuated with the intent to commit a crime therein (*People v Gilligan,* 42 NY2d 969). Furthermore, the trial court's ruling setting aside the burglary conviction while not disturbing the attempted petit larceny conviction is inherently contradictory. (Appeal from order of Monroe County Court, Maas, J. — set aside verdict.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.