■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY WOODS, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated June 8, 1982, which, after a jury trial and a verdict finding defendant guilty of burglary in the third degree and criminal mischief in the fourth degree, set aside the verdict and dismissed the indictment. The notices of appeal by the People from oral rulings of the court dated June 1, 1982 and June 8, 1982 are deemed premature notices of appeal from the order dated June 8, 1982 (CPL 460.10, subd 6). Order reversed, on the law, jury verdict reinstated and matter remitted to the Supreme Court, Queens County, for the imposition of sentence. In setting aside a verdict pursuant to CPL 330.30 (subd 1) a trial court is required to "assume that the jury credited the People's witnesses and thus must view the facts most favorably to the prosecution" (*People v Montanez,* 41 NY2d 53, 57). In the instant case, the inconsistencies in the testimony of the prosecution's witnesses cited by the trial court in setting aside the verdict presented an issue of credibility for the jury to determine and, viewing the facts in a light most favorable to the People, it cannot be said that the testimony was so incredible as to warrant vacatur of its verdict (*People v Johnson,* 77 AD2d 666; *People v Dorta,* 56 AD2d 607, app dsmd 44 NY2d 930). We have examined defendant's other argument in support of affirmance and find it to be without merit. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.