■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY NICHOLSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered February 4, 1981, convicting him of criminal sale of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The People's evidence at trial indicated that defendant and a friend, Hayward Boyd, were approached in a McDonald's restaurant by an undercover officer who stated that he wished to purchase methadone. Following brief negotiations regarding the methadone possessed by Boyd, defendant told Boyd to give the officer the bottles and to give him, the defendant, the money. Thereupon, Boyd gave one bottle of methadone to the officer and transferred the money he received from the officer to the defendant. While leaving the McDonald's, defendant remarked to the officer, "If you ever want more, ask for me, my name is Gary [*sic*]". Following the remark, the officer signaled to the other officers in the operation and both defendant and Boyd were arrested.

At the beginning of trial, defense counsel had sought a ruling on the admissibility of certain statements made by Boyd at a January 6, 1976 proceeding at which Boyd twice unsuccessfully attempted to plead guilty to a lesser charge of attempted possession of a controlled substance in the sixth degree. Defense counsel asserted that certain statements by Boyd exculpated defendant and were admissible as declarations against Boyd's penal interest.

Boyd had initially indicated at the 1976 proceeding that when the undercover officer approached him asking for methadone, he suggested that the officer enter a methadone program. The officer rejected that suggestion, and asked Boyd if he had any methadone. When Boyd took out a bottle of methadone, the officer "took it right out" of Boyd's hand and gave the money to defendant. Boyd denied any intent to sell the methadone.

When this plea was rejected, Boyd changed his story and indicated that when the officer approached him, he did not ask for methadone but instead asked if he knew of a methadone

program he could get into. According to Boyd, when the officer then offered him $10 for some methadone, Boyd handed over the methadone. Defendant, who was standing next to Boyd, went to get coffee. When defendant returned, Boyd told the officer to give the money to defendant. Boyd initially indicated that he did not know whether or not defendant had heard the conversation pertaining to the sale. Boyd later stated that defendant had been present during the officer's conversation with Boyd, but was not present when the subject of a buy came up.

The hearing court had declined to accept Boyd's plea, noting that Boyd had given "two different stories to this Court", one of which presented "a complete defense of entrapment". The court further remarked that it was "questionable" whether Boyd was speaking in good faith. Boyd absconded sometime thereafter.

The trial court in the case at bar denied defendant's application to admit Boyd's statement exculpating defendant as a declaration against penal interest. We agree.

Declarations against penal interest constitute an exception to the rule against admission of hearsay evidence because such statements bear a particular degree of reliability based upon the assumption that a person would not falsely utter a remark that could subject him to penal sanctions (*People v Maerling,* 46 NY2d 289). Thus, "[t]o qualify for admission into evidence as a declaration against the maker's penal interest the following elements must be present: first, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underlying the statement; and, fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability (see *People v Harding,* 37 NY2d 130, 135 [concurring opn]; Richardson, Evidence [10th ed — Prince], § 257; Fisch, New York Evidence [2d ed], § 892)" (*People v Settles,* 46 NY2d 154, 167).

In the case at bar, the People concede that Boyd was unavailable for trial and that he possessed competent knowledge of the facts underlying the statements in issue. However, we find that Boyd's statements lack sufficient indicia of trustworthiness, for he offered two different versions of what happened and later absconded. Nor can defendant convincingly argue that the undercover officer's testimony attested to the reliability of Boyd's accounts, for the officer contradicted Boyd by stating that defendant had been a direct participant in the sale.

In addition, we note that the portion of Boyd's statement which exculpated defendant was not a declaration against Boyd's penal interest. The New York Court of Appeals has noted (*People v Maerling, supra,* pp 298-299): "[I]deally courts should only admit that portion of an inculpatory statement which is opposed to a declarant's [self-] interest * * * Declarations against interest are not admitted on the credit of their makers, but on their highly disserving nature. It follows that neutral * * * statements do not bear the same guarantee of reliability as do the disserving ones contained in the same declaration".

Thus, we find the statements to have been properly excluded.

We have considered such other of defendant's contentions as have been preserved for our review and find them to be lacking in merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.