■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v WINSTON COAYE, Appellant-Respondent.

The evidence in the record before us was sufficient for the jury to conclude, beyond a reasonable doubt, that the defendant knew that he was shooting at police officers and, therefore, had committed the crime of attempted murder in the first degree. The police car, though unmarked, had a bubble light on it and the officers were in pursuit of defendant's vehicle after he sped away from the curb. It is evident that the jury could have reasonably believed that no one other than police officers would have pursued a speeding vehicle late at night. Although the officers' testimony was inconsistent on the issue of whether the shots were fired at the same time as or after the bubble light was placed on the car, the jury, as trier of the facts, could properly have resolved such inconsistencies in the People's favor (*see, People v Woods,* 99 AD2d 556). Accordingly, the jury verdict should be reinstated (*People v Woods, supra; People v Johnson,* 77 AD2d 666; *People v Dorta,* 56 AD2d 607, *appeal dismissed* 44 NY2d 930).

With respect to the defendant's appeal from the judgment of conviction, there are no errors warranting reversal. The trial

court's *Sandoval* ruling constituted a proper exercise of discretion (*People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Cherry,* 106 AD2d 458) and it was proper to refuse to admit evidence of a false exculpatory statement. While a false exculpatory statement is usable against defendant as an implied admission of guilt (*People v Torres,* 32 AD2d 791), there is no authority for the proposition that such a statement may be used to exculpate a defendant where the declarant is not on trial and is unavailable for cross-examination unless it meets the stringent criteria for a declaration against penal interest (*see, People v Maerling,* 46 NY2d 289; *People v Settles,* 46 NY2d 154; *People v Nicholson,* 108 AD2d 929), which is clearly not the case here. Indeed, the statement was not truly exculpatory of defendant since it merely indicated the driver's desire to disassociate himself from the guns found in the car.

We note, finally, that the People's appeal was timely taken (*see, People v Jayson,* 31 AD2d 551, 552). Titone, J. P., Lazer, O'Connor and Niehoff, JJ., concur.