OPINION OF THE COURT
Lewis L. Douglass, J.
The question to be determined is whether the evidence presented before the jury which found Gloria Vasquez guilty of the A-l felonies of possession and selling drugs is sufficient as a matter of law to support that verdict.
The prosecution arises out of a raid of an apartment located at 289 Harmon Street, pursuant to a search warrant where the police recovered large amounts of heroin, cocaine, lactose, glassine envelopes and over $150,000 in $20 bills.
*443 At the time of the raid, the police arrested four males in their mid-twenties who were in the apartment, two of whom had beepers and large amounts of cash on their person. In addition to these men in their mid-twenties, Gloria Vasquez, age 46, and her two children, ages 14 and 13, were also in the apartment.
At the close of the People’s case, Gloria Vasquez’ attorney moved to dismiss on the ground that since presence at, or even knowledge that a crime is occurring, is insufficient to establish guilt. The People failed to establish a prima facie case. She had no beeper, no money, none of her personal effects or those of her children were introduced to show her connection with the apartment.
That motion was denied on the grounds that the jury had before it evidence that one month prior to the raid, Gloria Vasquez had applied to the Department of Welfare for assistance and had given 289 Harmon Street as her address. From that testimony, the People argued and the court agreed, that the jury could find that Gloria Vasquez was the tenant of the apartment and in view of the large amount of drugs, the jury could reasonably infer that she was a part of the drug operation.
Following completion of the defendant’s case, the motion to dismiss was renewed on the grounds that since the defendant had introduced evidence which refuted the inference of knowledge, the evidence was, as a matter of law, insufficient to support a verdict of guilt against the defendant, Gloria Vasquez.
In considering such a motion, the court is required to view the facts in a light most favorable to the prosecution (People v Woods, 99 AD2d 556 [2d Dept 1984]; see also, People v Montanez, 41 NY2d 53, 57 [1976]).
The case involved five defendants. Gloria Vasquez, however, was the only defendant present when the case was given to the jury. Two defendants, who appeared to be principals in the drug operation, absconded before trial and were tried, found guilty and were sentenced in absentia to 25 to life. A third defendant entered in a negotiated plea during the trial and the case was dismissed against a fifth defendant at the close of the People’s case.
In addition to testifying in her own behalf, Gloria Vasquez, also called her 14-year-old daughter who was in the apartment at the time of the raid.
*444 From that testimony, it appears that Gloria Vasquez, who speaks little English, has been supported by the Department of Welfare in the United States and Puerto Rico for the past 15 years. She had five children by one and two by another. She was never married to either man. Neither participated in the raising of the children.
For sometime prior to the raid, she and her five children were living in a nearby apartment, in the same neighborhood as the raid, with her sister and her sister’s children. Approximately one month before the raid, after returning to New York from Puerto Rico, where she had gone to attend a funeral and her return to New York was delayed because she did not have air fare, she applied to the Department of Welfare and gave 289 Harmon Street as her address, since according to her, if she gave her sister’s address, the Department would reduce her sister’s welfare allotment. The apartment, at that time, was actually rented by her adult son.
Even though the evidence established that Gloria Vasquez was a long-term welfare recipient, she was, however, inconsistent in other aspects of her testimony and could not remember the names of the people who let her into the apartment. It is fair to say she lied about who was present in the apartment, either out of fear, or more likely, because she wanted to protect the young men who were friends of her daughter and her daughter’s boyfriend.
The issue here is not whether she committed perjury. The issue is whether when the evidence is viewed most favorable to the prosecution, may her guilt be sustained solely on a finding that since she gave the Harmon Street address to the Department of Welfare as her address, that a jury could then find that she was a tenant of that apartment and then infer that she was part of the drug operation.
It would appear that the rule that neither a person’s presence where a crime is occurring nor knowledge that a crime is occurring is sufficient to establish guilt was conceived to protect a person like Gloria Vasquez — a long-term welfare recipient who reapplies for benefits gives her son’s apartment as her own and is then in that apartment when the police raid and find a significant drug operation, and she can then only exculpate herself from that situation by testifying against people she knows to be drug dealers. If she lied, she should be prosecuted for perjury, but the act of perjury is not sufficient to warrant the mandatory 15 to life sentence she now faces.
*445 This verdict may not be set aside, of course, merely because it is too harsh. But, if, when the undisputed facts pertaining to Gloria Vasquez are compared to facts in similar cases where verdicts have been set aside on the theory that mere presence is insufficient to establish guilt, Gloria Vasquez is entitled to the same treatment.
Gloria Vasquez’ situation is virtually identical to the situation in United States v Soto (716 F2d 989) where a drug conviction was set aside. Soto was a recently arrived welfare recipient and ended up in an apartment where a drug raid occurred. The Second Circuit, looking at the "totality of circumstances” set the conviction aside. Soto and Vasquez differ only in that Vasquez lied in order to offer what she must have thought was a better story about why she was in the apartment. But, again, the issue is not whether she lied, but rather, whether there is sufficient evidence to conclude beyond a reasonable doubt that she was part of the drug operation.
The Second Circuit has continued to indicate its concern about the wrongful convictions of people who happen to be in the vicinity of drug activity.
The conviction was set aside in United States v Pintado (715 F2d 1501 [11th Cir 1983]), where the defendant was found clothed and hiding when police raided a premises for narcotics ruled insufficient to sustain conviction for conspiracy to possess marihuana with intent to distribute. In United States v Gaviria (740 F2d 174 [2d Cir 1984]), evidence was deemed insufficient to sustain conviction notwithstanding that (1) defendant drove codefendant to a reputed stash pad, (2) codefendant observed entering the building together and then leaving in a suspicious manner, (3) defendant lied to agents regarding her purpose for being in the apartment, and (4) cocaine was found in the defendant’s car.
The Second Department has been equally concerned about convictions of people who simply happen to be at the wrong place at the wrong time and have set aside verdicts where defendants seemed to have faced evidence more damaging than Gloria Vasquez’. In People v Sanabria (73 AD2d 696) the verdict was set aside even though "[a]fter consummating the sale, an officer handed $100 to the defendant and thanked her * * * 'for arranging the sale’ ”. In People v Vasquez (115 AD2d 626) the defendant drove a codefendant to a third defendant’s apartment where the sale took place and sat at a table with one of the codefendants and two undercover police *446 officers as that codefendant conducted the sale. From a reading of these cases, it would appear that there is a concern in the law that citizens not be convicted for simply being there, and this risk is magnified as drug activity, unfortunately, continues to increase.
The rule must, therefore, be that an inference of involvement in drug activity may be drawn when one is in the presence of large amounts of drugs. That inference standing alone may not support a conviction when the totality of the circumstances as may be revealed at the conclusion of the entire case casts significant doubt on either the logic or inherent fairness in drawing that inference. The totality of circumstances in this case compels the conclusion that the inference is insufficient to support Gloria Vasquez’ conviction.
Thus, this defendant’s motion for a "Trial Order of Dismissal” pursuant to CPL 290.10 (1) on the grounds that the evidence was not legally sufficient to establish the offenses is granted.