■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE ANDREWS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered November 29, 1985, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant contends that his guilt was not proven beyond a reasonable doubt based upon the seeming inconsistencies in the testimony of the police witnesses, that testimony presented questions of credibility properly resolved by the jury in favor of the People. Contrary to the defendant's assertions, the testimony of the complainant police officer was not incredible as a matter of law *(see, e.g., People v Coaye,* 110 AD2d 904, *mod on other grounds* 68 NY2d 857), and, upon the exercise of our factual review power, the evidence in the record established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]; *see, People v Gebert,* 118 AD2d 799, *lv denied* 67 NY2d 943).

We also find that the trial court properly ruled that the defense attorney, through her cross-examination of the police witnesses, created the inference of recent fabrication concern-

ing the assault charges against the defendant. On that basis, it properly admitted evidence of prior consistent statements made by these witnesses at a time when there was no motive to falsify (see, People v Davis, 44 NY2d 269).

We further find no merit to the defendant's claim that the trial court unfairly curtailed defense counsel's summation by sustaining numerous objections raised by the prosecutrix as to many of her remarks. Defense counsel exceeded the bounds of fair comment by, for example, referring to matters not in evidence and calling upon the jury to draw conclusions which were not fairly inferable from the evidence (see, People v Ashwal, 39 NY2d 105, 109-110).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.