■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 3, 1989, convicting her of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (seven counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (seven counts), unlawful possession of marihuana, and criminally using drug paraphernalia in the second degree (six counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At approximately 9:10 P.M. on January 8, 1985, several police officers executed a search warrant on apartment 1-R at 289 Harman Street, Brooklyn, and found a narcotics "factory", which was not in operation at the time. The bulk of the narcotics, drug paraphernalia, and approximately $150,000 in cash were discovered in a front bedroom. The 43-year-old defendant, her 14-year-old daughter and her 12-year-old son were found sitting in the living room, two rooms away from the front bedroom, watching television. The police did not find any drugs, drug paraphernalia or money on or near the defendant. Except for a coffee grinder containing a residue of cocaine and an industrial-sized box of aluminum foil, there was nothing in the living room linked to the operation of the drug enterprise.

The defendant, her daughter and her sister testified that she and her two children had moved out of the sister's apartment on January 5, 1985, following a family quarrel. After spending two winter nights in a park, the family was brought to the Harman Street apartment by an older daughter of the defendant. The apartment had formerly belonged to the defendant's son, and although the defendant had a key to one of its locks, the new occupants had mounted a new lock as well. The defendant testified that the current occupant was a man whom she did not know. The man told her that she and her two children could stay temporarily in the living room, and could use the kitchen and bathroom, but that they were not to enter the bedrooms. The defendant testified that during the two nights that she stayed in the apartment, numerous people came and went, causing her to suspect some illicit

activity, but she knew nothing for certain, and in any event had nowhere else to go. The defendant further testified that she did not own, possess or control any of the narcotics recovered from the apartment.

On a prior appeal by the People from an order of the Supreme Court, Kings County, entered February 10, 1987, which set aside the jury verdict against the defendant, this court found that, when viewed in the light most favorable to the People, the evidence was legally sufficient to support Vasquez's conviction *(People v Vasquez,* 142 AD2d 698). We did not and could not at that time consider whether the verdict of guilt was supported by the weight of the evidence (CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490).

We now find that the guilty verdict was not supported by the weight of the evidence. The defendant, who lacked a full set of keys to the apartment, and otherwise exhibited no signs of being able to exercise dominion and control over the apartment as a whole, or over the area of the apartment where the controlled substances were stored, or over the substances themselves, or over any of the money that their sale generated, cannot be said to have been in constructive possession of the controlled substances or drug paraphernalia which formed the basis for the charged crimes *(see, People v Siplin,* 29 NY2d 841; *People v Headley,* 143 AD2d 937, *affd* 74 NY2d 858).

A contrary result is not compelled by the People's evidence that some six weeks prior to the arrest, the defendant had applied for public assistance, giving her home address as the 289 Harman Street apartment. The defendant fully explained her reasons for giving the Harman Street address. Moreover, it is clear that the defendant was in the apartment as a transient and at the sufferance of its primary occupants. Had she been profiting from the flourishing narcotics business being conducted there, it seems most unlikely that she would have risked the periodic inspections that recipients of public assistance must expect from the New York City Department of Social Services. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur. *[See,* 133 Misc 2d 442.]