■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 2, 1987, convicting him of attempted murder in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered March 10, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was charged, under one indictment, with four separate incidents of robbery involving four different female victims in the elevators of apartment buildings in Brooklyn. Each count of robbery was then severed for trial. The first two trials resulted in judgments of conviction which

were subsequently affirmed by this court *(see, People v Williams,* 129 AD2d 659; *People v Williams,* 160 AD2d 751). Prior to the instant trial which was the third under this indictment, a *Sandoval* hearing was held, at the conclusion of which the court ruled that if the defendant testified, the prosecutor would be permitted to cross-examine him as to the fact that he was convicted of robbery in 1984, and as to the facts underlying the two robbery convictions obtained under the instant indictment.

At the close of the People's case, and after numerous requests by defense counsel, the court modified its *Sandoval* ruling "out of a chance to give this defendant an opportunity to take the witness stand, should he desire". Given the similarity amongst the crimes with which the defendant was charged under this indictment, the court stated that it would allow inquiry only into the fact that the defendant had previously been convicted of three felonies, and the dates thereof. However, before the commencement of his case, the defendant, who had been fairly outspoken throughout the trial, interrupted the proceedings by vociferously protesting a ruling made by the court. In the middle of a heated discussion between the defendant and defense counsel, which occurred outside of the presence of the jury, the court stated that "[u]nder these circumstances, since the defendant said he is not going to behave, I will now again change my ruling and permit all of the *Sandoval* doctrines". At a sidebar conference, the court further explained its change of heart as follows:

"THE COURT: I just find it impossible with this defendant to conduct any fair trial. I've been a Judge for 17 years now and I'm just not going to take it.

"Therefore, if this defendant insists on putting his interests above that of society, I think I'll stick with my original ruling, I can only draw the conclusion that he's threatened me, he's not keeping the decorum going. I'm going to abide by the law. He's not entitled to any more courtesies than anybody else.

"Therefore, that's my Sandoval ruling and you have all the exceptions." The prosecutor was thereafter permitted to cross-examine the defendant, who did testify on his own behalf, as to whether the two convictions obtained under this indictment were for robbery, whether those robberies occurred in an elevator and whether the victims of those robberies were females. The defendant was ultimately convicted of robbery in the first degree, and this appeal ensued.

In the seminal case of *People v Sandoval* (34 NY2d 371), the

Court of Appeals established guidelines to aid the trial courts in exercising their discretion with respect to the extent to which a criminal defendant could, if he chose to testify, be cross-examined regarding, *inter alia,* his prior convictions. "[A] balance must here be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf" *(People v Sandoval, supra,* at 375). It was in keeping with this admonition and these guidelines that the trial court herein determined, in its modified ruling, the extent of permissible cross-examination of the defendant in the event he chose to testify, a determination which was proper. However, the record before us makes clear that the court's reversal of its modified ruling was motivated, not by adherence to the *Sandoval* principles, but rather by a desire to punish the defendant for his disruptive behavior. This latter determination was clearly erroneous, and served to deprive the defendant of a fair trial.

In light of the foregoing, we need not reach the defendant's remaining contentions. Thompson, J. P., Brown, Eiber and Miller, JJ., concur.