■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE ARCHER, Appellant. [784 NYS2d 567]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 12, 2000,

convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant contends that the trial court violated the constitutional and statutory prohibitions against double jeopardy when it vacated its order setting aside the verdict and directing a new trial, and reinstated the guilty verdict, after determining that the prior order was the product of a fraud perpetrated on the court. Since the order setting aside the verdict and directing a new trial based on newly-discovered evidence was not the equivalent of an adjudication of factual innocence, the reinstatement of the verdict did not violate the constitutional and statutory prohibitions against double jeopardy (*see generally* CPL 40.30 [3]; 450.20 [3]; *People v Key*, 45 NY2d 111, 117-120 [1978]; *People v Dorta*, 56 AD2d 607 [1977]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Smith, Rivera and Fisher, JJ., concur.