Bergan, J.
Proof in support of defendant’s conviction for burglary, second degree, is adequate. He was discovered by the police at 2:30 o ’clock in the morning with two other men inside a country club building which had been forcibly broken into. Defendant was carrying a crowbar and a screwdriver when observed by the police who had been tipped to an intended burglary and were waiting in the building.
The proof supports, as well, the related crimes of possession of burglar’s tools and of a loaded firearm; and the sentences imposed for these offenses ran concurrently with the sentence for burglary.
Defendant made a statement to the police which was not received in evidence because of a failure to give the warnings required by Miranda v. Arizona (384 U. S. 436). No proper objection or motion for inquiry was made on the trial addressed to the question of duress in connection with the statement. Defendant took the stand at the trial and, denying any intent to commit burglary and that he was carrying burglar’s tools when arrested, testified he was in the premises on the invitation of one of his companions to play cards.
Portions of his statement to police were incorporated into questions asked by the prosecutor on cross-examination, and to the extent such statements were incriminating, were denied by defendant. The court allowed these questions under careful instructions to the jury that any inconsistency between the defendant’s testimony and the portions of the statement referred to could be considered only on ‘‘the credibility or believability of what he is testifying to now ” and not as "a part of the case”.
The Appellate Division regarded the allowance of these questions as improper in view of the inadmissible nature of the statement itself. It reversed on the law alone and ordered a new trial. The People appeal.
Where a defendant, taking the stand, testifies to facts denying participation in a crime, a statement inconsistent with his testi *122 mony is admissible on the issue of credibility, even though the statement itself is not received as an admission to the crime (Walder v. United States, 347 U. S. 62; People v. Hudson, 26 N Y 2d 781; People v. Harris, 25 N Y 2d 175; People v. Kulis, 18 N Y 2d 318; cf. People v. Wellington, 26 N Y 2d 891).
The theory of these decisions is that when an accused undertakes by his own sworn testimony to establish facts which would negative or refute his participation in the crime charged, the protection against the use of statements given to police without due regard to constitutional privileges should not close off inquiry.
In effect, the constitutional privilege ought to shield a man against unfairness by the State in using such a statement in his prosecution, but should not immunize him from inquiry when he affirmatively proffers testimony as part of a strategy in contested litigation in which truth is a critical ingredient.
Such protection, as Justice Frankfurter noted in Walder v. United States (supra, pp. 64-65), used as “ shield against contradiction of his untruths” would be a “perversion” of the Fourth Amendment. The wisdom of this distinction in admissibility has been debated at the bar but the reasons which underpin it remain valid and since People v. Kulis (18 N Y 2d 318, supra) this court has followed it. The Supreme Court has not overruled Walder.
An additional ground is suggested by defendant to sustain the Appellate Division’s order not examined in that court’s memorandum. This is that the questions by the prosecutor referring to the statement made to the police were addressed to matters “ not covered by [defendant’s] direct testimony, in order to lay a foundation for the tainted evidence on rebuttal ” (People v. Miles, 23 N Y 2d 527, 543; derived from Walder, supra, pp. 64-66).
In Miles the cross-examination related to a statement made by codefendant Howard concerning a period not included within that witness’ direct testimony.
This was regarded as inadmissible as coming within the exception stated in Walder, but the point was not decisive in Miles since the error was regarded as harmless (p. 544) and there was an affirmance. The relevant point decided in Miles was that Miles’ direct testimony, although cursory, developed the “ ver *123 sions of defendants ” of events dealt with in the statement to police.
In this present case defendant testified on direct examination that he was in the burglarized premises, not for a criminal purpose but ‘ ‘ to play cards ’ ’; that he carried no crowbar or other burglar’s tools [“I didn’t have anything”]; that somebody [he later explained it was one of his companions] opened the kitchen door and he walked in; and that he did not go ‘‘into this club ” to “ steal anything ”.
This direct testimony of facts immediately concerned with the crime, negativing criminal purpose, left it open to the People to test credibility by the inconsistencies in his statement. His direct testimony certainly developed affirmatively the version of defendant, within the language of Miles (supra). The statement made by defendant to the police, to the extent used on cross-examination, and not otherwise before the jury, was that he had gone to the premises to commit a burglary, to ‘ ‘ get ’ ’ a safe and that he waited outside as a lookout while his companions “ got in ” to the building; that all three were “ looking for the safe ” when they were interrupted by the police.
These statements are plainly inconsistent with defendant’s version of events offered on his direct testimony and they had a bearing on his credibility.
A defendant testifying in his own case to facts indicating his innocence cannot by omissions in his testimony limit questions addressed to credibility in cross-examination to admissions related to those precise facts. Such cross-examination may be addressed to admissions reasonably to be regarded as inconsistent with the direct testimony.
It is also argued by defendant that the cross-examination addressed to prior acts of misconduct exceeded the bounds of fairness. The Appellate Division did not regard this as a basis of reversal but disapproved the extent of the prosecutor’s persistence in this examination. The questions were addressed to specific prior crimes.
Unless there was an absence of good faith such inquiry is allowable (People v. Schwartzman, 24 N Y 2d 241; People v. Alamo, 23 N Y 2d 630; People v. Sorge, 301 N. Y. 198). The inquiry here was limited by the court and it was not legal error.
*124 The order of the Appellate Division should be reversed and the judgment of the Nassau County Court reinstated.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
Order reversed, etc.