## (June 6, 1974)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN REAGAN, Appellant.— Appeal from a judgment of the County Court, Franklin County, rendered June 25, 1973, convicting defendant, after a trial without a jury, of the crime of criminally selling a dangerous drug, second degree. The indictment alleged: " The defendant, *John W. Regan,* in the County of Franklin, State of New York, on or about the 21st day of March, 1973, knowingly and unlawfully sold a narcotic drug, to wit: cannabis, to a person less than twenty one years of age, to wit: Kerry Agnew, then nineteen years of age." The record establishes that the defendant was not guilty beyond a reasonable doubt and, accordingly, the conviction should be reversed and the indictment dismissed. There is little dispute as to the facts. The defendant was a student at the North Country Community College at Saranac Lake and shared an apartment with Steve T. Stratis and a third student. On March 21, 1973 Kerry Agnew approached the defendant and inquired if he knew where he could get some marijuana. He testified that the defendant said to follow him upstairs to the apartment. The defendant countered this testimony by saying that Agnew asked him if he knew where Steve was and defendant said to come up and see if he was in the apartment. When they arrived in the apartment Agnew testified that he followed the defendant down a corridor to a room where a door was ajar. He stated that he looked in and saw on a table two plastic bags and that he entered the room, took the two bags, left $40 in exchange and immediately left the apartment. He stated that the defendant was standing in the hallway or doorway; that there was no conversation between them about the bags or the money; that the defendant did not deliver the bags to him nor did he give the defendant the money. It is undisputed in the record that the room in question was occupied by one Steve Stratis. The defendant took the stand on his own behalf and his testimony in substance was the same as that stated above. Steve T. Stratis testified on behalf of the defendant that the marijuana belonged to him and that he kept the $40 and that the defendant had nothing to do with the two plastic bags or their contents. The court, having heard the case, after considering the evidence, stated: " I find the defendant guilty of the charge." On the basis of the issue of credibility, if the court rejected the testimony of the defendant and his witness, the conviction would stand or fall on the evidence of Agnew. He stated without equivocation that he had no conversation with the defendant concerning the plastic bags or contents; that he took the bags into his possession and left the $40 on the table. There is no direct evidence of the defendant making a sale and whatever inferences or circumstantial evidence there may be, it is not sufficient to satisfy the rule of reasonable doubt. Taking the record in its entirety, the People have

failed to prove the defendant guilty beyond a reasonable doubt. The issue of Agnew being an accomplice apparently was not raised before the trial court and, in view of our decision, we find it unnecessary to decide the issue on appeal. Judgment reversed, on the law and the facts, and indictment dismissed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.