■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO COLLETTI, Appellant.—Appeal by defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County, rendered April 22, 1975, as convicted him of robbery in the first degree, upon a jury verdict, and imposed sentence. Judgment affirmed insofar as appealed from. If defendant had contended upon the trial that he was deprived of a fair trial because the jury was not selected from a representative cross section of the community, and specifically because women were systematically excluded from the jury pool and that this violated his rights under the Sixth and Fourteenth Amendments to the Federal Constitution, we would remand the case to the Criminal Term to take testimony on that issue. However, in this case the only objection that defendant made was that the particular panel of jurors did not have enough women on it. Therefore, we do not reach the constitutional question. Margett, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GOLD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 6, 1976, convicting him of burglary in the second degree, grand larceny in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At the time of his arrest defendant was taken to the police station house for booking. Prior to being given his *Miranda* warnings, defendant was told that he was being booked for criminal possession of six stolen boxes of men's slacks. Defendant replied: "How can you charge me with the six boxes, I only had two?" That statement was properly suppressed prior to the trial. At the trial, although the defendant testified, the prosecutor failed to inquire of him whether he had made such a statement. The use of the statement, at that time, would have been proper to attack the credibility of the witness, even though the statement itself could not be received as an admission of the crime (see *People v Johnson,* 27 NY2d 119). Having failed to so question the defendant, the prosecutor then recalled the police officer and elicited the statement on rebuttal. This was error. By using the police officer to affirmatively testify that the defendant did make the statement, the statement was offered as an admission. The statement, made after his arrest but prior to being read his *Miranda* warnings, could not be used in this manner. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.