■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MARSHALL, Also Known as CURTIS MATTHEWS, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant appeals from a judgment of Supreme Court, Erie County, convicting him of criminal possession of a controlled substance in the third degree after a jury trial. Defendant was acquitted on the charge of criminal sale of a controlled substance in the third degree. The only testimony connecting defendant with the commission of the crime charged was that defendant was in a car with an undercover police officer and others, when the officer completed a drug transaction with a codefendant. The codefendant received the money from the officer and having obtained the contraband he then handed it to defendant through an open window in the car and asked defendant to pass it to the police officer. Criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 1) requires a knowing and unlawful possession of a dangerous drug with intent to sell it. Here the People's proof established that defendant's involvement with the drugs was brief and incidental. Defendant's participation in the transaction and possession of the contraband was not established beyond a reasonable doubt (see *People v Hughes,* 59 AD2d 538; *People v Henzel,* 58 AD2d 657). (Appeal from judgment of Erie Supreme Court—criminal possession controlled substance, third degree.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.