THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN SERRA, Respondent.

First Department, November 20, 1984

### APPEARANCES OF COUNSEL

*Donald Davidson* of counsel (*Joyce P. Adolfsen* with him on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Victoria C. Morgan* for respondent.

### OPINION OF THE COURT

ALEXANDER, J.

We hold that the evidence adduced, if accepted by a jury, as it obviously was, was legally sufficient to establish defendant's guilt of the crimes of criminal possession and criminal sale of a controlled substance in the third degree in violation of sections 220.16 and 220.39 of the Penal Law and criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). Thus, it was error for the trial court to grant defendant's motion, made pursuant to CPL 330.30 (subd 1) to set aside the defendant's conviction. Accordingly, we reverse the order below and reinstate the jury's verdict, direct the defendant to surrender and remand the matter to the Criminal Term, Supreme Court, New York County, for further proceedings.

In this prosecution in which defendant is accused of acting in concert with one Richard Maldonado in committing the crimes of criminal possession and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, the People's evidence demonstrated that on June 22, 1982, at about 12:00 noon, undercover police officers Leonard Glenn and Frank Mahr, together with four other police officers were engaged in a "buy and bust" operation on the lower east side of Manhattan.

Police Officer Glenn testified that while disguised as a narcotics customer attempting to purchase cocaine as a part of the "buy and bust" operation, he encountered the defendant Serra and one Richard Maldonado, in front of an abandoned store at 42 Rivington Street. He approached them, asked where he could buy some "coke" and was informed by Serra, "this is the place". Maldonado and Glenn, with Serra following, then proceeded down a short flight of stairs into a deserted store. Maldonado went behind a counter in the store while Glenn and Serra stood on the other side. Glenn inquired as to the price of drugs and was advised by Maldonado that the rate was $5 per bag. Glenn then placed two $10 bills of previously recorded "buy money" on the counter and Maldonado reached under the counter and produced four small tinfoil packets. Glenn remarked that the packets looked "skinny" and asked how would he know that something was in them. Serra picked up one of the packets, opened and unfolded it and stuck it up to Glenn's face. Maldonado at that point assured Glenn that "this coke is good". The transaction was completed and as Glenn was about to leave the store, he asked where he could find "[y]ou guys if I want to buy some more". Pointing to Serra, Maldonado replied "[i]f you can't find me, you can see him the next time".

Shortly after leaving the store, Glenn radioed his backup team that the buy had been made. Maldonado and Serra were arrested and identified by Glenn as the persons with whom he had made the buy. Maldonado was searched and $10 of the "buy money" and several packets of white powder were found on his person. No incriminating evidence was found on Serra.

Serra testified on his own behalf and disputed Glenn's version of the events. He contended that while he was waiting with a Richard Maldonado, whom he did not know very well, but who is the brother of his friend Eddie Maldonado, the police arrived, forced Serra and four other people into a candy store where they were all searched. The only ones arrested, however, were Maldonado and Serra. He denied having been approached by Glenn

and questioned about where drugs could be purchased. He denied telling Glenn that "this is the place" and also denied opening the tinfoil packets inside the store.

The jury rejected Serra's version of the events and convicted him of criminal possession and criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree in relation to the four tinfoil packets sold to undercover Police Officer Glenn. They found him not guilty, however, of the counts of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree that related to the tinfoil packets found during the postarrest search of Maldonado.

Defense counsel moved initially, pursuant to CPL 330.30, to set aside the verdict based on the trial court's failure to charge the jury in respect to the claimed lesser included offense of criminal facilitation. At oral argument, however, defense counsel abandoned that position and indicated that he was relying upon the case of *People v Marshall* (72 AD2d 922) contending that the evidence was insufficient to demonstrate the defendant's knowing participation in the possession and sale of the cocaine. Acknowledging that the recitation of the facts by the People, both in their papers in opposition to the defendant's motion and at oral argument, accurately reflected that which the jury must have found in convicting the defendant, the court nevertheless granted the motion based upon its sincere belief that the verdict would be reversed on appeal because of the paucity of the People's evidence. The court felt that the defendant's participation in the transaction had been minimal and that under the authority of *People v Marshall* (72 AD2d 922, *supra*) such minimal participation was insufficient, as a matter of law, to establish defendant's guilt of the crimes charged. This was error.

In determining whether evidence is legally sufficient to establish a defendant's guilt of a crime charged, beyond a reasonable doubt, the court must assume that the People's witnesses were believed by the jury and must view the facts presented in a light most favorable to the prosecution. (*People v Montanez,* 41 NY2d 53, 57; *People v Benzinger,* 36 NY2d 29, 32; *People v Wright,* 92 AD2d 722; *People v Fortunato,* 89 AD2d 610.)

In finding the defendant guilty of criminal sale in the third degree and criminal possession in the seventh degree, the jury accepted and believed the People's evidence and rejected the defendant's version of the events. The defendant's conduct in

assuring Glenn that he had come to the right place to buy drugs, and in assuring Glenn that the tinfoil packets he was buying did indeed contain cocaine was far more extensive than that of the defendant in *People v Marshall* (*supra*). In *Marshall,* the defendant's only participation was to receive the contraband from his codefendant and pass it to the undercover officer. The court there held that such evidence was insufficient to establish beyond a reasonable doubt the defendant's "knowing and unlawful possession of a dangerous drug with intent to sell it" (*supra,* p 922). By contrast, the evidence here clearly demonstrated that Serra and Maldonado were acting together and that Serra knew that the contents of the tinfoils was cocaine and that he intended to sell it. Moreover, any doubt as to his complicity was completely dispelled by Maldonado's identification of him as the person Glenn should see in case Maldonado wasn't around when next Glenn wanted to buy drugs. This evidence, viewed in the light most favorable to the prosecution, as the law requires in such circumstances, established the defendant's guilt beyond a reasonable doubt. The trial court's reliance on *People v Marshall* was wholly misplaced and it was error to set aside the jury's verdict.

Accordingly, the order of the Supreme Court, New York County, Criminal Term, entered in the office of the clerk on August 25, 1983, granting the motion to set aside the jury's verdict pursuant to CPL 330.30 and 330.40 and dismissing the indictment is unanimously reversed, on the law, the indictment and the verdict thereon are reinstated, the defendant is directed to surrender and the matter is remanded to the Criminal Term of the Supreme Court, New York County, for further proceedings not inconsistent with the decision herein.

KUPFERMAN, J. P., SULLIVAN, CARRO and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on August 25, 1983, unanimously reversed, on the law, the indictment and the verdict thereon reinstated, the defendant directed to surrender and the matter remanded to the Criminal Term of the Supreme Court, New York County, for further proceedings not inconsistent with the decision herein.