■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN FOSKEY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered August 22, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty and sentencing him to an indeterminate term of 5 to 15 years' imprisonment. The appeal brings up for review the denial, after a hearing (Kuffner, J.), of defendant's motion to suppress statements.

Judgment affirmed.

Upon this appeal, defendant claims that no careful examination was made at the Huntley hearing to determine whether he made a knowing, intelligent and voluntary waiver of his constitutional rights. Our review of the record convinces us that no error was committed. At the Huntley hearing, the

People's witnesses testified, without contradiction, that the defendant was fully advised of his *Miranda* rights, stated that he understood them, and wished to answer questions without an attorney present *(see, People v Epps,* 104 AD2d 1047). The hearing court's determination that defendant knowingly, intelligently and voluntarily waived his rights was fully supported by the credible and consistent testimony and the defendant's own videotaped statement. We perceive no basis to overturn such determination *(e.g., People v Armstead,* 98 AD2d 726; *People v Vail,* 90 AD2d 917).

Defendant also argues that the sentence imposed upon him was harsh and excessive. The sentencing decision is a matter committed to the sentencing court's discretion *(People v Farrar,* 52 NY2d 302) and should be respected *(People v Suitte,* 90 AD2d 80). At bar, defendant offers no valid reason why the sentence imposed, which was less than the statutory maximum and within the promised range, should be reduced. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.