■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENTIN VAZQUEZ, Appellant.—Appeal by defendant (1) from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 4, 1978, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated June 30, 1980, which denied defendant's motion to vacate the judgment of conviction on the ground that he was denied effective assistance of counsel.

Judgment reversed, on the law, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The findings of fact have been considered and determined to be established.

Appeal from the order dismissed as academic in light of our determination on the appeal from the judgment.

Defendant was convicted of a sale of more than one ounce of heroin to an undercover police officer. The record discloses that defendant drove a codefendant to a third codefendant's apartment where the sale took place and sat at a table with one of the codefendants and two undercover police officers as that codefendant conducted the sale.

"In order that the finding of guilt may be sustained, it must appear that the jurors could properly draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime" (see, People v Reyes, 82 AD2d 925, 926; Penal Law § 20.00). No such inference may be fairly drawn here. According to the People's proof at trial, defendant was not involved in arranging the sale and was never in possession of the heroin nor did he play any role in the negotiations of the

price, or receive any money after the sale. The few words uttered by defendant were those of a bystander and not of an interested party. They clearly did not evidence his intent to commit the crime. Absent those utterances, all that remains is defendant's presence in the apartment with the seller. "Mere presence at the scene of a crime with knowledge of its perpetration does not render the observer accessorially liable therefor" (People v Reyes, supra, p 926). Accordingly, the judgment of conviction must be reversed and the indictment dismissed. Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.