■ The People of the State of New York, Respondent, v Gordon Connors, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered July 26, 1984, convicting him of robbery in the first degree, sexual abuse in the first degree, assault in the second degree, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On April 18, 1983, the defendant forced the 13-year-old complainant to a stairwell near the roof of her apartment building, at knifepoint, and there proceeded to rob and sexually abuse her. The complainant struggled to gain her freedom, but the defendant successfully restrained her by repeatedly punching her in the face. Eventually, the complainant managed to break free of the defendant's grasp, ran to her apartment, and ultimately told her mother what had transpired. The defendant was convicted, after a jury trial, of all of the charges arising from the incident.

On appeal, the defendant contends, inter alia, that the trial court erred in permitting the complainant's mother to testify that her daughter had informed the police that the assailant had fondled her breasts, unzipped her pants, checked her pockets for money, and punched her face while continuously holding a knife to her throat. The defendant claims that this testimony constituted inadmissible hearsay and, therefore, should properly have been excluded.

It is, by now, firmly established that "spontaneous declarations made by a participant while * * * under the stress of nervous excitement resulting from an injury or other startling event, while [her] reflective powers are stilled and during the brief period when considerations of self-interest could not

have been brought fully to bear by reasoned reflection and deliberation, are admissible as true exceptions to the hearsay rule" *(see, People v Caviness,* 38 NY2d 227, 230-231).

The record before us discloses that the police arrived at the complainant's apartment approximately 10 minutes after she was robbed and molested and while she was still in a state of hysteria. Although the complainant's declarations were not "coincident in time with the startling event," they were nevertheless "uttered when [her] emotional excitement continue[d] to dominate and [her] reflective powers [were] still in abeyance" *(see, People v Edwards,* 47 NY2d 493, 498). Moreover, as in *People v Caviness (supra),* the testimony which the defendant now challenges, was subject to an additional assurance of reliability since both the complainant and her mother, in taking the stand, were exposed to the rigors of cross-examination.

It is also significant that, at trial, the defendant proceeded on the theory of mistaken identification, and in furtherance thereof, presented an alibi defense. Since the defendant did not, and could not logically have contested the fact that the complainant had indeed been molested in the manner described to the police, but, rather, merely asserted that he was not the perpetrator, the admission of the testimony of complainant's mother, which did not refer to the assailant's identity, does not qualify as a ground for the reversal of his conviction.

The defendant additionally complains that it was improper for the prosecutor to have questioned his alibi witness with regard to the fact that she had failed to come forward with exculpatory information prior to the trial. This contention we must also reject. Upon a review of the record, it is evident that both the prosecutor and the trial court scrupulously abided by the conditions and safeguards set forth in *People v Dawson* (50 NY2d 311), including an elaborate and detailed instruction, to which no objection was registered, to ensure that the jury would not be misled by the prosecutor's efforts to impeach the credibility of the alibi witness.

Nor is there merit to the defendant's claim that his conviction should be reversed on the ground that the prosecutor, during summation, exceeded the legitimate bounds of advocacy. Many of the remarks which the defendant now challenges were not objected to at trial. Thus, his belated protestations are insufficient to preserve the claim for appellate consideration. Furthermore, we find that those comments which

are preserved for our review were not so egregious or prejudicial as to warrant a reversal.

The sentence imposed upon the defendant was neither harsh nor excessive. The defendant's remaining contentions have been examined and have been found to be devoid of merit. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.