■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered March 28, 1985, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the evidence adduced at the trial was sufficient to prove the defendant's guilt beyond a reasonable doubt. Our review of the record indicates that a rational trier of the facts could have properly concluded that, acting with the requisite mental culpability, the defendant participated in the robbery of the victim (see, People v Vazquez, 115 AD2d 626; People v Reyes, 82 AD2d 925, 926). Moreover, upon the exercise of our factual review power we are satisfied that the evidence was of sufficient quality and quantity to establish the defendant's guilt beyond a reasonable doubt (see, CPL 470.15 [5]).

The defendant failed to establish his affirmative defense to the felony murder charge, since the jury could have found by a preponderance of the evidence that the defendant had reasonable grounds to believe that the other participant in the crime was armed with an instrument readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons (see, Penal Law § 125.25 [3] [c]). There is no basis in the record for disturbing the determination of the court at the hearing that the defendant's statements to the police and to an Assistant District Attorney were voluntarily made (see, People v Foskey, 115 AD2d 558; People v Armstead, 98 AD2d 726) and were not the result of an unlawful detention (see, People v Kirby, 124 AD2d 67). The court did not abuse its discretion in permitting inquiry into a prior conviction of the defendant for attempted petit larceny for purposes of impeaching his credibility (see, People v Sandoval, 34 NY2d 371), nor were the sentences imposed by the court an abuse of its discretion (see, People v Suitte, 90 AD2d 80). The defendant's remaining contentions are without merit. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.