■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL A. KNAPP, Also Known as RAINBOW HAWK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered January 6, 1984, convicting him of criminal sale of a controlled substances in the second degree and criminal possession of a

controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In July 1983, the codefendant Leonard Fridella contacted a named individual by telephone with regard to a potential drug transaction. The named individual, a former cocaine dealer, worked as an informant for an undercover police officer. Fridella quoted the informant a price of $10,000 per gram for 10 grams of "LSD" (lysergic acid diethylamide). After a number of telephone conversations, the two arranged to meet in New York City.

The informant and the undercover police officer met with Fridella, the codefendant Mark Kahle, and the defendant at La Guardia Airport at approximately 7:00 P.M. on August 2, 1983. They subsequently drove to a restaurant in Carle Place. The defendant stated during the ride that he could procure truckloads of marihuana from Mexico. He also expressed concern when the undercover officer told Fridella that he could only come up with $85,000 for the drugs. The codefendant Kahle, however, said that he could dispose of the excess "in the city", and the defendant then mentioned that he knew of a potential buyer as well.

The undercover officer exited the car upon their arrival at the restaurant and proceeded to another car where Police Officer Thomas Conroy was waiting. The undercover officer took a bag containing $85,000 from the car and returned to the car where the informant and the others were sitting. He showed the contents of the bag to Fridella, and, upon his approval, showed it to Kahle and the defendant. The defendant asked Fridella whether the bag in fact contained all of the money, and Fridella replied that it did. The undercover officer then returned the bag to the other car. They proceeded to a motel in Copiague, where the undercover officer arranged with Fridella to contact him at midnight by telephone at an undercover number at the Nassau County Police Narcotics Squad.

The undercover officer and the informant subsequently spoke with Fridella by telephone several times on August 3 and 4, 1983, to discuss the details of the transaction. The defendant also telephoned on August 4 and left a message for the undercover officer that there was to be a "big lunch about 12:00". These conversations were recorded, and the tapes and transcripts of the calls were placed into evidence at the trial.

At approximately 1:50 P.M. on August 4, the undercover

officer, the informant, and Police Officer Richard Tynan, a chemist, met Fridella at a restaurant in Smithtown. Fridella confirmed that he had the drugs, and the group proceeded to a room in a hotel located approximately one mile away. They were admitted to the room by Kahle. The defendant was in the room as well, eating his lunch. The undercover officer asked the defendant if they had the three grams, whereupon the defendant nodded at Kahle, who went into the bathroom and subsequently emerged carrying three white vials. The undercover officer inquired as to the remaining seven vials that were to be delivered, and the defendant responded that he could have them the next day. Kahle handed one of the three vials to Tynan, who performed tests on the contents. Tynan determined that the substance was "good". The undercover officer then directed the informant to retrieve the money, and the informant left the room accompanied by Fridella. Kahle gave the remaining vials to Tynan, whereupon the officers placed Kahle and the defendant under arrest. Meanwhile, the informant and Fridella proceeded to a nearby restaurant where Fridella was arrested by Officer Conroy. The vials were subsequently determined to contain 2.217 grams of LSD.

The defendant contends on appeal that the evidence presented at the trial was legally insufficient to support the convictions for possession and sale of a controlled substance. We disagree. Viewing the evidence in a light most favorable to the People (see, People v Bauer, 113 AD2d 543, 548, lv denied 67 NY2d 648, 880), the jury could reasonably have concluded that the defendant exercised dominion and control over the drugs in the hotel room and that he actively participated in the ensuing transaction. The jury was likewise entitled to reject the defendant's assertion that he was merely an innocent bystander to the negotiations and sale of the drugs. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The remainder of the claims asserted by the defendant on appeal, including the allegations of ineffective assistance of trial counsel raised in his supplemental pro se brief, are without merit. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.