■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA PAYNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered March 12, 1986, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

In order to sustain the findings of guilt against the defendant for criminal possession and criminal sale of a controlled substance, "it must appear that the jurors could properly draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof

[she] solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime" *(People v Reyes,* 82 AD2d 925, 926; Penal Law § 20.00). We hold that the evidence adduced in this case was legally sufficient to prove that the defendant had the requisite mental culpability for the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree *(cf., People v Vazquez,* 115 AD2d 626; *People v Marshall,* 72 AD2d 922).

The People's evidence demonstrated that the defendant sat at a bar in close proximity to a codefendant who negotiated the drug sale and received the "buy money" from an undercover officer. Then, at the request of the codefendant, she placed her hands under the bar, retrieved a tinfoil packet containing cocaine, and handed it to the codefendant, who immediately passed it along to the officer. Contrary to the defendant's assertions on this appeal, the defendant's involvement did not involve mere presence at the scene. The defendant's intentional participation in the transaction and knowing possession of the contraband was evidenced by her conduct. Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find no merit to the defendant's contention that the judgment should be reversed because of the prosecutor's misconduct. Many of her present claims were not the subject of timely objections at trial and thus, were not properly preserved for appellate review *(see, People v Connors,* 121 AD2d 556, 557, *lv denied* 68 NY2d 768). In any event, there is no basis to conclude that the defendant was deprived of a fair trial by any conduct of the prosecutor.

There is also no justification to reverse the judgment because the court failed to give notice to the defense attorney prior to providing the jury with the physical evidence at its request, during deliberations *(see,* CPL 310.30). The record discloses that the court shortly thereafter informed the defense attorney of its action while the jury was still deliberating, and that the attorney acquiesced, without raising any objection to the procedure when the court could have taken corrective action. Although the court's action may be considered a technical procedural error, there is no basis to conclude that the defendant suffered any prejudice or that she was thus deprived of the effective assistance of counsel during a material part of the trial. Also, the court's action did not affect a

substantial right of the defendant *(cf., People v Moore,* 129 AD2d 590, *lv denied* 70 NY2d 651). Moreover, the jury was entitled to receive all of the physical evidence properly submitted during the trial for its consideration during deliberations. We find no merit to the defendant's claim that she may have been prejudiced by the possible failure of the court to submit the defendant's exhibit containing a diagram of the interior of the premises where the drug transaction took place. A diagram of the premises was the subject of People's exhibit No. 2 which the undercover officer testified was essentially the same, aside from its scale, as the defendant's exhibit. Therefore, assuming, arguendo, that the subject defendant's exhibit was not submitted to the jury, under all of these circumstances, the court's action did not constitute reversible error. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.