■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WATFORD, Appellant.—Appeal by the defendant from

two judgments of the County Court, Orange County (Patsalos, J.), both rendered December 7, 1984, convicting him of (1) rape in the first degree under indictment No. 219/84, upon a jury verdict, and (2) grand larceny in the third degree under indictment No. 250/84, upon his plea of guilty, and imposing sentences. The appeal from the judgment rendered under indictment No. 219/84 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgments are affirmed.

Prior to trial on the rape charge, a *Huntley* hearing was held with regard to certain statements the defendant allegedly had made to Detective Peter Miller on the night of his arrest. The People conceded that the statements had been taken in violation of the defendant's right to counsel since Detective Miller was aware that the defendant was represented by an attorney on an unrelated charge. The hearing court ruled that while the statements were not admissible on the People's direct case they could be used to impeach the defendant if he testified at his trial.

At trial the defendant testified that on the morning that the rape occurred, he had been home in bed and was awakened at about 7:00 A.M. by his mother who told him that Larry Colman was outside and wanted to speak to him. The defendant said that he went to his window and briefly spoke to Colman who then left and that he remained at home until he left for work in the early afternoon. In rebuttal Detective Miller testified that on the night of his arrest the defendant stated that at the time the crime occurred he was home sleeping and did not awake until about 12:30 P.M. and that the defendant never mentioned his purported conversation with Colman.

It was error to allow Detective Miller to testify about his conversation with the defendant since a proper foundation had not been laid by first asking the defendant if he had in fact made such a statement to the detective *(see, People v Grainger,* 114 AD2d 285; *People v Gold,* 57 AD2d 575). However, the defendant never objected to Miller's testimony and reversal is not required in the interest of justice in light of the overwhelming evidence of the defendant's guilt. Moreover, the prejudicial effect of this testimony was extremely limited since the statements in question were not incriminating and could not be construed as an admission *(cf., People v Grainger,* 114 AD2d 285, *supra; People v Gold,* 57 AD2d 575, *supra).* Miller's

testimony merely served to impeach the defendant's credibility.

While the trial court failed to unequivocally state during its charge that the People have the burden of *disproving* the defendant's alibi defense beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374; *People v English,* 126 AD2d 738; *People v Spruill,* 125 AD2d 510), the defendant never objected to the charge as given, and upon our review of the record, we are satisfied that the charge as a whole effectively conveyed the proper burden of proof with respect to the alibi defense to the jury *(see, People v Moya,* 115 AD2d 769). Any error can, on this record, be deemed harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Spruill, supra; People v Lee,* 110 AD2d 913).

The defendant also contends that his alibi witnesses were all credible and that the jury failed to properly consider their testimony. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including the defendant's claim that his sentence was excessive, and find them to be without merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.