■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFREDRICK BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered June 23, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 22, 1986, an undercover police officer visited the Brooklyn Arms hotel to purchase cocaine from individuals who were reportedly selling the substance from apartment 805. The officer walked up eight flights of stairs and was stopped on the eighth floor stairwell by a man who was holding a walkie-talkie radio which he used to communicate with unseen other persons. The man termed "J.D. Radio Man" by the officer would not allow him to enter the eighth floor but instead advised him to join a line that extended from the stairwell onto the eighth floor and stopped in front of the door to apartment 805. After waiting in turn to reach the front of the line, Parker purchased $10 worth of crack cocaine from an unseen dealer within the apartment. After the transaction was completed, the officer walked past "J.D. Radio Man" on his way back to the stairwell and out of the building.

As a result of the officer's observations, a team meeting was held to coordinate the arrest of those individuals involved in the drug operation at the hotel. At this time, the officer provided the members of the team with a full description of "J.D. Radio Man". A few hours later, the police raided apartment 805 where they discovered numerous indicia of an ongoing drug operation and proceeded to arrest the apartment's occupants. Based on the officer's description of "J.D. Radio Man", the police also detained the defendant, who was standing outside of the apartment at the time the raid took place. Subsequently, the police led the defendant out of the hotel and on to the street. The undercover officer, who was positioned in an observation van stationed in front of the hotel, viewed the defendant at this time and identified him as "J.D. Radio Man". The officer also identified the defendant a second time at the precinct several hours later.

On appeal, the defendant claims that the evidence was legally insufficient to establish his guilt beyond a reasonable

doubt. We disagree. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). While mere presence at the scene of a narcotics transaction is insufficient to sustain a conviction for criminal sale of a controlled substance (see, People v Vazquez, 115 AD2d 626), the testimony adduced at trial from the undercover officer clearly established that the defendant was an active participant in the drug operations.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.