■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMEON BADIA-ALMONTE, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence, when viewed in the light most favorable to the People *(see, People v Ford,* 66 NY2d 428, 437), is legally sufficient to establish defendant's guilt of criminal sale of a controlled substance in the first degree *(see, People v Payne,* 135 AD2d 746, *lv denied* 71 NY2d 900) and criminal possession of a controlled substance in the second degree *(see, People v Torres,* 68 NY2d 677, 679; *People v Reisman,* 29 NY2d 278, 285-287, *cert denied* 405 US 1041; *People v Harris,* 47 AD2d 385, 388; *cf., People v Ortiz,* 126 AD2d 677, *lv denied* 70 NY2d 652; *People v Reyes,* 126 AD2d 681, *lv denied* 70 NY2d 654). On this record, we also conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Additionally, the court did not err by proceeding with the trial in defendant's absence. After trial commenced, the court informed defendant that he had a right to be present at trial and that the trial would proceed even if he were absent. The court announced that the trial would resume five days later. Defendant did not appear at the scheduled time. Before proceeding with the trial, the court inquired regarding the circumstances surrounding defendant's absence. The court stated "[b]ased on counsel's representations, the [defendant] has left the area". Defense counsel confirmed that he did not know the whereabouts of his client. Thus, we conclude that defendant forfeited his right to be present when he deliberately failed to

return to the courtroom after his trial had begun *(see, People v Brooks,* 75 NY2d 890; *People v Sanchez,* 65 NY2d 436, 443-444). Further, under the circumstances of this case, defendant's "non-appearance" constituted a waiver of his right to be present at trial *(People v Quamina,* 161 AD2d 1110 [decided herewith]; *see also, People v Parker,* 57 NY2d 136). Defendant's claim that he was improperly sentenced in absentia lacks merit *(see, People v Sanchez, supra,* at 444). "[A] defendant who is properly tried *in absentia* may during his continued absence also be sentenced *in absentia" (People v Sanchez, supra,* at 444). Finally, defendant's sentence was not harsh and excessive. (Appeal from judgment of Onondaga County Court, Mulroy, J.—criminal sale of controlled substance, first degree.) Present—Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.