■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO GUZMAN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered October 11, 1989, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant was indicted in September 1988 for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. At trial, the People's evidence demonstrated that on September 2, 1988, Samuel Mercado, a State Trooper assigned to the Troop G Narcotics Unit, and Rubin Isaac, an informer working with

the State Police, arrived at the Spanish American Grocery at 864 Albany Street in the City of Schenectady, Schenectady County. Mercado's unit had been conducting an investigation of unlawful sales of narcotics at the store, owned by defendant and his two sons, Francis and Roberto. Mercado, posing undercover as Antonio Rodriguez, and Isaac entered the store and, in response to their inquiry, were advised that Francis was in Miami, Florida. Isaac then asked defendant if he could purchase a half-ounce of cocaine and defendant responded "Wait outside". Isaac heard defendant send an unidentified Hispanic male for the cocaine. A few moments later, the Hispanic male came out and said he would get the cocaine and bring it back and that the boss said the price was $450. He then rode off on his bicycle and returned approximately 10 to 15 minutes later. Mercado, Isaac and the unidentified Hispanic male reentered the store and walked to the back, near the office. The unidentified Hispanic male and Mercado argued over the packaging and price of the cocaine. Defendant looked on as the transaction took place, standing within a couple of feet of Mercado. After the unidentified Hispanic male handed Mercado the cocaine, Mercado handed him the money and defendant said, "If you're done, get out of the store."

Defendant took the stand on his own behalf and also called his wife, his mother-in-law and a friend to establish an alibi that he was in New York City on September 2, 1988. This testimony was obviously not accepted by the jury, which found defendant guilty of both charges. Defendant was sentenced to concurrent prison terms of 8⅓ to 25 years.

Defendant's initial argument on appeal is that the evidence of accomplice liability for the sale of cocaine was insufficient as a matter of law. We disagree. In our view, the evidence adduced was legally sufficient to establish that defendant had the requisite mental culpability for the imposition of criminal liability (see, People v Kaplan, 76 NY2d 140; People v Payne, 135 AD2d 746, lv denied 71 NY2d 900; People v Serra, 104 AD2d 66; cf., People v Vazquez, 115 AD2d 626; People v Reagan, 45 AD2d 773). In People v Serra (supra), the First Department found that the proof was sufficient to establish the defendant's guilt based on evidence that the defendant told the undercover officer " 'this is the place' " where he could buy cocaine, the defendant picked up one of the packets of drugs to show the undercover officer that the cocaine was good, and the officer was told he could contact the defendant the next time he wanted to buy cocaine (supra, at 67-68). Here, although defendant did not personally handle the drugs

or the money, he did send the unidentified Hispanic male to get the cocaine, communicated the price to him, stood next to Mercado as the deal was completed in the back of defendant's store, and told Mercado and Isaac when the deal was finished to leave the store. Viewing the evidence in a light most favorable to the prosecution (People v Harper, 75 NY2d 313, 316), defendant's acts evidence sufficient "goal-directed conduct" to sustain the conviction (People v Kaplan, supra, at 145).

Defendant's remaining arguments are likewise unavailing. The prosecution sufficiently established defendant's dominion and control over and constructive possession of the drugs, with proof that he caused them to be brought onto premises which he owned and watched over the transaction as it was completed (see, People v Hodge, 141 AD2d 843, 845, lv denied 72 NY2d 1046; People v Cortes, 112 AD2d 946, 947; People v Diaz, 112 AD2d 311, lv denied 66 NY2d 614). In our view, County Court properly excluded as irrelevant testimony that defendant was not part of a drug operation conducted by his sons. Contrary to defendant's assertion, a circumstantial evidence charge was not required here, where the prosecution relied upon direct as well as circumstantial evidence to establish defendant's guilt (see, People v Barnes, 50 NY2d 375, 380-381; People v Monroe, 135 AD2d 741, 742). With respect to defendant's claim of ineffective assistance of counsel, given defendant's claim of alibi in the face of three eyewitnesses, a review of the record indicates that the purported errors do not rise to the level of ineffectiveness (see, People v Kittell, 135 AD2d 1021, 1023) and defendant, therefore, was afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147). Finally, we have reviewed defendant's sentence and find it to be fair and appropriate under the circumstances.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.