■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD LEE STOKES, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 9, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to prove that he had the requisite mental culpability for the crimes of which he was convicted. In order to sustain the findings of guilt against the defendant for criminal possession and criminal sale of a controlled substance, it must appear that the jurors could properly draw an inference from the evidence presented that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned, or intentionally aided the seller to commit such crimes (see, Penal Law § 20.00; People v Payne, 135 AD2d 746).

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury reasonably could have concluded that the defendant actively participated in the sale of drugs. The defendant was heard in two tape-recorded conversations negotiating the sale of cocaine with an undercover police officer and his confidential informant. The defendant also drove his codefendants to the location where the sale occurred and he accompanied the undercover officer to the "bank car" in order to retrieve the "buy money". The jury was likewise entitled to reject his assertion that he was merely an innocent bystander to the negotiations and sale of the cocaine (see, People v Knapp, 133 AD2d 467). Moreover,

upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions, including those contained in his supplemental pro se brief, and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.