■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADINE WRIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered May 7, 1990, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and from an amended judgment of the same court, also rendered May 7, 1990, revoking a sentence of probation previously imposed by the same court (Eng, J.), upon a finding that she had violated a condition thereof, upon her plea of guilty, and imposing a sentence of imprisonment upon her previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment and amended judgment are affirmed.

In order to sustain a conviction for criminal sale of a controlled substance based upon accessorial liability, the evidence presented must prove beyond a reasonable doubt that the defendant acted with the mental culpability necessary to commit the crime charged, i.e. she knew that the substance in question was a controlled substance, and that, in furtherance thereof, she solicited, requested, commanded, importuned or intentionally aided the seller to commit such crime *(see, People v Payne,* 135 AD2d 746, 746-747; *People v Karchefski,* 102 AD2d 856, 857; Penal Law §§ 20.00, 220.39 [1]). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established that the defendant had the requisite mental culpability for the crime of criminal sale of a controlled substance in the third degree *(see, e.g., People v Payne, supra,* at 747). Contrary to the defendant's contention, her role in this transaction was not that of a mere facilitator. Rather, the defendant actively participated in consummating the drug sale by either intentionally aiding her codefendant in committing the crime charged by finding a buyer or by commanding the codefendant to sell the drugs to the undercover police officer. Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the trial court did not err in refusing

to charge the jury on the defense of agency. In the absence of a reasonable view of the evidence indicating that the defendant acted merely as the agent of the buyer, the agency defense should not be submitted to the jury *(see, People v Roche,* 45 NY2d 78, 81, *cert denied* 439 US 958; *People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930; *People v McDonald,* 165 AD2d 837). The record reflects that the role of the defendant in this transaction was not that of "one who acts solely as the agent of a purchaser of narcotics" *(People v Roche, supra,* at 81). Indeed, the only reasonable view of the evidence is that she was acting in concert with her codefendant in the sale of drugs.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.