■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LEGALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 8, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third

degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal sale of a controlled substance in the third degree charged in the fourth count of the indictment and criminal possession of a controlled substance in the third degree charged in the fifth count of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt with respect to criminal sale of cocaine and his possession of cocaine with the intent to sell it on February 3, 1988 *(see,* Penal Law § 220.16 [1]; § 220.39 [1]; § 20.00; *People v Armstrong,* 144 AD2d 369; *People v Diaz,* 112 AD2d 311). Further, upon the exercise of our factual review power, we are satisfied that the verdict with regard to those counts was not against the weight of the evidence.

However, the evidence adduced at trial concerning the events of February 9, 1988, was legally insufficient to establish the defendant's guilt of the crimes he allegedly committed on that day *(see, People v Marshall,* 72 AD2d 922). The evidence established only that an undercover police officer solicited and paid a codefendant for cocaine outside of the defendant's presence and was told to wait in the defendant's apartment. Upon arriving at the defendant's apartment, the officer told the defendant that the codefendant was "hooking [him] up". After a period of time, the codefendant knocked on the defendant's door and the defendant was handed two vials of crack which he passed to the undercover police officer. From this evidence it cannot fairly be inferred that the defendant acted with the mental culpability necessary to commit the crimes charged and that, in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the seller to commit such crimes *(see, People v Vazquez,* 115 AD2d 626; *People v Reyes,* 82 AD2d 925, 926; *People v Marshall, supra).* Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.