■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DEMAIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 5, 1990, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court committed error by not striking or instructing the jury to disregard evidence which he contends applied only to the dismissed count of conspiracy. Because this issue was never raised at trial, it has not been preserved for review by this court *(see,* CPL 470.05; *People v Karabinas,* 63 NY2d 871, *cert denied* 470 US 1087). In any event, evidence that the defendant telephoned an undercover officer with respect to arranging the sale for which he was convicted was properly allowed to remain in evidence because it was material and relevant to the crime charged.

The defendant contends that the evidence was legally insufficient to prove that he sold cocaine in concert with the

codefendant. To sustain the finding of guilt against the defendant for criminal sale of a controlled substance, the evidence must establish that the defendant acted with the mental culpability necessary to commit the crime charged and that in furtherance thereof he solicited, requested, commanded, importuned, or intentionally aided the seller to commit the crime (see, Penal Law § 20.00; *People v Stokes,* 173 AD2d 510).

Viewing the evidence adduced at the trial in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant negotiated and arranged the sale of cocaine with the undercover police officer the day before the sale was to take place. The defendant also accompanied the undercover officer, his codefendant, and the supplier to the two locations where the drug transactions occurred. During a prior drug transaction the defendant had informed the undercover officer that he could arrange future sales for him. The jury could have reasonably concluded that the defendant actively participated in the sale of drugs (see, *People v Stokes, supra; cf., People v Karchefski,* 102 AD2d 856; *People v Reyes,* 82 AD2d 925). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Finally, we reject the defendant's contention that the sentence imposed constituted cruel and unusual punishment (see, *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Buckmaster,* 139 AD2d 659). Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.