■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANE HARTLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered August 23, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree as an accomplice. The conviction was based on the testimony of an undercover police officer who, immediately prior to a sale consummated between the seller and the undercover officer, observed the defendant procure a bag containing vials of crack cocaine and toss it to the seller. Immediately after the sale occurred, the undercover officer radioed a description of the defendant to his field team, whereupon the defendant was seen around the corner from the crime scene and arrested shortly thereafter. At the trial, the defendant presented evidence that at the time of the sale he was with friends at a nearby restaurant and that he was later arrested while pushing a car toward a gas station.

The defendant's claim that the evidence was legally insufficient was not preserved for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858). In any event, viewing the

evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v DeMaio,* 185 AD2d 358; *People v Wright,* 175 AD2d 224).* Moreover, it is well-settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's further contention that he was deprived of a fair trial by reason of the trial court's failure to give an alibi charge is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Perez,* 184 AD2d 665; *People v Washington,* 176 AD2d 769, 770), and we decline to reach the issue in the exercise of our interest of justice jurisdiction. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.