■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. RICCIONE, Appellant. [598 NYS2d 976] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered November 13, 1990, convicting him of burglary in the second degree, criminal mischief in the third degree, petit larceny, criminal possession of stolen property in the fifth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of the burglary and ransacking of an apartment in Queens. The defendant's argument concerning the court's failure to give a limiting instruction relating to the proper use of his prior inconsistent statement was not preserved for appellate review (CPL 470.05 [2]). Moreover, in light of the overwhelming evidence of guilt, we decline to reach this argument in the exercise of our interest of justice jurisdiction (see, People v Watford, 146 AD2d 590). The defendant's remaining contention is without merit. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN RIVERA, Appellant. [598 NYS2d 976] —Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered May 15, 1985, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence produced by the People was legally insufficient to sustain the conviction is unpreserved for appellate review (see, CPL 470.05 [2]; People v Padro, 75 NY2d 820, 821; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Stokes, 173 AD2d 510; People v Pearson, 170 AD2d 889). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.